**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LEADAWN FERGUSON,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **No. 14-6807** |
| | : | |
| **UNITED STATES OF AMERICA et al.,** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **Defendants.** | : | |
| | : | |

## <u>ORDER</u>

**AND NOW** this _____ day of _____, 2015, upon

consideration of Plaintiff's Motion for Leave to Conduct Limited John Doe Discovery, **IT IS**

**ORDERED** that the Motion is **GRANTED**, and:

(1)    Within 30 days of the entry of this Order, defendant United States of America

shall serve upon plaintiff responses to the discovery requests attached as Exhibit A to plaintiff's

Motion;

(2)    Plaintiff is granted leave to notice depositions of relevant agents of U.S. Customs

and Border Protection and/or U.S. Immigration and Customs Enforcement for the limited

purpose of obtaining the identities of the John Doe defendants named in plaintiff's Complaint.

**BY THE COURT:**

_____
**L. FELIPE RESTREPO, J.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| | : | |
| **LEADAWN FERGUSON,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **No. 14-6807** |
| | : | |
| **UNITED STATES OF AMERICA et al.,** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **Defendants.** | : | |
| | : | |

**PLAINTIFF'S MOTION FOR LEAVE**
**TO CONDUCT LIMITED JOHN DOE DISCOVERY**

Plaintiff LeaDawn Ferguson ("plaintiff"), through the undersigned counsel, respectfully

moves the Court for leave to conduct limited John Doe discovery.  In support of this motion,

plaintiff incorporates the attached Memorandum of Law and requests that the Court enter the

proposed Order attached hereto.

Respectfully submitted,


/s/ Jonathan H. Feinberg
Jonathan H. Feinberg
KAIRYS, RUDOVSKY, MESSING & FEINBERG
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA 19106


/s/ Jennie Santos-Bourne
Jennie Santos-Bourne
AMERICANS FOR IMMIGRANT JUSTICE
3000 Biscayne Blvd., Suite 400
Miami, FL 33137

*Counsel for Plaintiff*

DATE: February 12, 2015

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LEADAWN FERGUSON,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **No. 14-6807** |
| | : | |
| **UNITED STATES OF AMERICA et al.,** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **Defendants.** | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR LEAVE TO CONDUCT LIMITED JOHN DOE DISCOVERY**

Plaintiff LeaDawn Ferguson seeks leave of Court to proceed with limited discovery before the filing of a responsive pleading for the purpose of identifying the governmental parties named as John Doe defendants in the Complaint.[1]  Because the Court has discretion to authorize such early and limited discovery and because there is good cause for permitting such discovery, Ms. Ferguson respectfully requests that the Court grant the Motion.

**I.    BACKGROUND**

On December 1, 2014, Ms. Ferguson filed the Complaint in this action pleading claims against the United States of America under the Federal Tort Claims Act and claims against three named federal agents under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  In short, Ms. Ferguson alleges that upon arrival at the Philadelphia International Airport after brief travel to the Dominican Republic, she was stopped,

---

[1] The Complaint also names John Doe defendants who were affiliated with Mercy Fitzgerald Hospital.  This motion does not address the identity of those defendants, but, instead, focuses only on agents of defendant United States of America, whose responsive pleading is due by April 10, 2015. [ECF 16]

detained and subjected to prolonged interrogation by federal agents based on their groundless

belief that she was "drug packing."  Thereafter, Ms. Ferguson alleges, agents transported her

against her will to Mercy Fitzgerald Hospital in Darby, Pennsylvania where, at the direction of

(or with the acquiescence of) the agents, medical professionals subjected Ms. Ferguson to

invasive medical examinations against her will all for the purpose of locating evidence that Ms.

Ferguson was attempting to smuggle contraband into the United States.  Ultimately, after Ms.

Ferguson was detained for approximately 24 hours, the federal agents and medical professionals

concluded that Ms. Ferguson had accurately reported that she was not smuggling contraband and

they finally allowed her to leave.

In addition to her claims against the United States and the named agents, Ms. Ferguson

has brought *Bivens* claims against agents who were involved in her detention but whose

identities she does not know because she was unable to obtain their names during the traumatic

events involved in her detention.  Thus, she has identified these responsible actors as "John Doe"

defendants.[2]

As detailed in the Complaint, Ms. Ferguson's claims accrued on or about December 4,

2012.  The Complaint, filed on December 1, 2014, was thus filed within the two-year statute of

limitations that applies to the *Bivens* claims.  Under Third Circuit law defining the parameters of

a plaintiff's right to amend a Complaint to properly name John Doe defendants, in order for her

claims against the John Doe defendants to relate back to the date of the filing, Ms. Ferguson

arguably must seek leave to amend (or at least engage in good faith efforts to amend) within the

120-day service period required by Fed. R. Civ. P. 4(m).  *See Singletary v. Pennsylvania*

---

[2] The practice of naming unknown defendants as "John Does" is well recognized in the
Third Circuit.  *See Hindes v. F.D.I.C.*, 137 F.3d 148, 155 (3d Cir. 1998) (quoting *Scheetz v.
Morning Call, Inc.,* 130 F.R.D. 34, 36 (E.D. Pa. 1990)) ("Doe defendants 'are routinely used as
stand-ins for real parties until discovery permits the intended defendants to be installed.'").

*Department of Corrections,* 266 F.3d 186, 194 (3d Cir. 2001) (discussing standards for allowing plaintiff to substitute named defendant after expiration of statute of limitations); *Smith v. City of Philadelphia*, 363 F. Supp. 2d 795, 798-99 (E.D. Pa. 2005) (same).[3]  This means that Ms. Ferguson must identify the John Doe defendants on or before March 31, 2015.

Counsel for Ms. Ferguson have presented this issue to counsel for defendant United States and have requested that defense counsel assist in the process of identifying the relevant John Doe defendants who were involved in detaining Ms. Ferguson at the Philadelphia International Airport and transporting her to Mercy Fitzgerald Hospital. Counsel for defendant United States, after consultation with the relevant agency personnel, has advised that the United States cannot provide this information absent a Court Order.  Accordingly, Ms. Ferguson has filed the instant motion—within the 120-day timeline provided in Rule 4(m)—seeking leave to conduct early discovery aimed solely at identifying the John Doe defendants.

## II.   ARGUMENT

This Court has authority to grant Ms. Ferguson the requested relief under the Federal Rules of Civil Procedure.  Rule 26(d)(1) specifies that, generally, a party may not seek discovery from any source before the required Rule 26(f) conference is held, but it contemplates that a party may take discovery on an expedited schedule if authorized by the court. *See* Fed. R. Civ. P. 26(d)(1).  District courts have wide discretion in discovery matters and have allowed parties to conduct expedited discovery upon a showing of good cause for the requested departure from the standard discovery procedures. *Warner Bros. Records, Inc. v. Does*, 1-6, 527 F. Supp. 2d 1, 2 (D.D.C. 2007) (citing *Ellsworth Associates, Inc. v. U.S.*, 917 F. Supp. 841 (D.D.C. 1996);

---

[3] Although the 120-day rule is the presumptive timeline, as the cited authorities establish, claims against late-named defendants may still relate back to a timely filed complaint if the newly added defendants share counsel or an identity of interest with the previously named defendants.  *See Smith*, 363 F. Supp. 2d at 799-802.

*Semitool, Inc. v. Tokyo Electron Am. Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002)); *see also Qwest Comm. Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003) (collecting cases); 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2046 ("Although [Rule 26(d)] does not say so, it is implicit that some showing of good cause should be made to justify [a court order authorizing expedited discovery], and courts presented with requests for immediate discovery have frequently treated the question whether to authorize early discovery as governed by a good cause standard.").

Courts have consistently recognized that the need for expedited Doe discovery constitutes the necessary "good cause" where, as here, plaintiff's civil rights suit cannot go forward without information that would enable her to identify the unnamed defendants. *See Alston v. Parker*, 363 F.3d 229, 233 n.6, 236 (3d Cir. 2004) (observing that expedited discovery aimed at identifying the proper defendants is "often beneficial" and urging district courts to "strongly consider" granting such discovery); *Warner Bros. Records, Inc.*, 527 F. Supp. 2d at 3 (finding good cause and granting limited expedited discovery as to the true identities of the defendants because such information was "crucial to the prosecution of Plaintiff's claims" and "the litigation [could not] go forward" without it); *LaFace Records LLC v. Does*, No. 08-1659, 2008 WL 4517178, at *1 (D.D.C. Oct. 6, 2008) (finding good cause for plaintiff to take limited expedited discovery from nonparty "because Defendants must be identified before this suit can progress further."); *Chung v. U.S. Dept. of Justice*, No. 00-cv-1912, 2001 WL 34360430, at *6-8 (D.D.C. 2001), *aff'd in part, rev'd in part on other grounds, and remanded*, 333 F.3d 273 (D.C. Cir. 2003) (collecting cases holding that district court should allow limited discovery after filing of complaint to permit plaintiff to learn the facts necessary to identify and serve Doe defendants).

Indeed, in a recent case factually and procedurally similar to this one, a Court within this District granted exactly the relief that Ms. Ferguson requests here.  In *Galarza v. Szalczyk*, No. 10-6815, 2011 WL 1045119, at *1 (E.D. Pa. March 21, 2011), the plaintiff alleged that he was made the subject of an ICE "detainer," identifying him as an alien subject to detention and removal, notwithstanding the fact that the defendant ICE officers and local police officers had information confirming that he was actually a U.S. citizen.  Although the plaintiff in that case knew the identity of one ICE officer involved in the conduct at issue, the plaintiff could not identify the other officers involved without undertaking discovery.  Upon noting that "the Doe Defendants must be identified before this suit can progress further," the court granted the plaintiff's motion and ordered the named ICE officer defendant to respond to the plaintiff's written discovery requests and make himself available for a deposition if necessary.  *Id.* at *3.

The same reasoning that applied in *Galarza* applies here.  Ms. Ferguson does not have access to any information that would allow her to identify the currently unnamed agents who were responsible for detaining her, interrogating her and transporting her to a hospital.  Without identifying those defendants, Ms. Ferguson cannot proceed with her *Bivens* claims.  If she were to be required to proceed with litigation before the naming of these defendants, the result will be inefficient piecemeal litigation generated by the later naming of defendants.  Because these factors support a finding of good cause to permit limited discovery for the identification of the John Doe defendants, the already named defendants— the United States and the three identified agents—should be required to answer the limited interrogatories and requests for production of documents appended hereto as Exhibit A.  Further, if necessary, the named defendants should be made available for deposition testimony regarding the identity of the other agents involved in the events outlined in Ms. Ferguson's Complaint.

III.     **CONCLUSION**

For the foregoing reasons, Ms. Ferguson's Motion should be granted and the Court

should enter the Order attached hereto.

Respectfully submitted,

/s/ Jonathan H. Feinberg
Jonathan H. Feinberg
KAIRYS, RUDOVSKY, MESSING & FEINBERG
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA 19106

/s/ Jennie Santos-Bourne
Jennie Santos-Bourne
AMERICANS FOR IMMIGRANT JUSTICE
3000 Biscayne Blvd., Suite 400
Miami, FL 33137

*Counsel for Plaintiff*

DATE: February 12, 2015

**<u>CERTIFICATE OF SERVICE</u>**

I, Jonathan H. Feinberg hereby certify that on February 12, 2015 the foregoing Motion

for Leave to Conduct Limited John Doe Discovery, Memorandum of Law and Exhibit A were

served on the below counsel of record via ECF:

> Susan R. Becker, Esq.
> U.S. Attorney's Office
> 615 Chestnut Street, Suite 1250
> Philadelphia, PA  19106


> <u>/s/ Jonathan H. Feinberg</u>
> Jonathan H. Feinberg

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---------------------------------------------------------

| | |
|---|---|
| LEADAWN FERGUSON, | : |
| | : |
| Plaintiff, | :    CIVIL ACTION |
| | : |
| v. | :    No. 14-6807 |
| | : |
| UNITED STATES OF AMERICA et al., | :    JURY TRIAL DEMANDED |
| | : |
| Defendants. | : |

---------------------------------------------------------

**PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR**
**PRODUCTION OF DOCUMENTS TO FEDERAL DEFENDANTS**
**(LIMITED TO JOHN DOE DISCOVERY)**

Plaintiff LeaDawn Ferguson hereby requests, pursuant to Federal Rules of Civil

Procedure 33 and 34, that defendants United States, Lamanski, Tandaric and Reynolds respond

to the following discovery requests.  Response is to be made within thirty days of service.

**INSTRUCTIONS AND DEFINITIONS**

(a)    All discovery requests are to be regarded as concerning past and present incidents,

activities, and practices.

(b)    The singular form should be taken to include the plural, and vice versa.

(c)    The phrase "the matters described in the Complaint" includes, but is not limited

to, the decision to detain plaintiff at the Philadelphia International Airport on or about December

4, 2012, the frisk and/or search of plaintiff at the Airport, the interrogation and/or questioning of

plaintiff at the Airport, the transfer of plaintiff to Mercy Fitzgerald Hospital and any discussions

with medical personnel at Mercy Fitzgerald Hospital after plaintiff was taken there from the

Airport.

(d)     Wherever "you," "defendant," "United States" or similar term is used, it should be taken to include all employees, officers, co-workers and agents of the United States.  "Agent" is used in a broad sense to include anyone acting on behalf or in the interest of the United States, whether directly or indirectly, openly or covertly, or with or without compensation.

(e)     These interrogatories are deemed to be continuing, and defendant has the duty to supplement the responses.  *See* Fed. R. Civ. P. 26(e).

(f)     If any form of privilege or other protection from disclosure is claimed as a ground for withholding a document or responsive information contained in a document, set forth with respect to each document, the date, title, identity of the author, subject matter (without revealing the information for which the privilege is claimed) and each and every fact or basis on which you claim your privilege with sufficient specificity to permit the Court to make a determination as to whether the claim of privilege is valid.

(g)     The term "document" shall refer to all writings and material of any kind, including, but not limited to, orders, instructions, reports, directives, summaries, interviews, complaints, statements (whether signed or unsigned), transcripts, regulations, memoranda, notes, correspondence (including electronic mail correspondence), computerized data or records, diagrams, maps and drafts.  "Document" also refers to records including, but not limited to, photographs, microfilm, videotape, audiotape, motion pictures and any other originals and copies.

(h)     The term "agents" shall refer to all officers and employees of the United States, of whatever rank or assignment.

## INTERROGATORIES

1.      Identify by name, agency and title all agents of the United States responsible for authorizing and/or deciding to inspect, detain, frisk, search and/or question plaintiff at the Philadelphia International Airport on or about December 4-5, 2012.

2.      Identify by name, agency and title all agents of the United States who spoke to or interacted with plaintiff or were in her immediate presence at the Philadelphia International Airport on or about December 4-5, 2012, describing in detail each agent's specific contact(s) and/or interaction(s) with plaintiff.

3.      Identify by name, agency and title all agents of the United States responsible for authorizing and/or deciding to (a) transfer plaintiff from the Philadelphia International Airport to Mercy Fitzgerald Hospital on December 4-5, 2012 and (b) request and/or instruct that medical personnel admit, examine, treat or keep plaintiff at Mercy Fitzgerald Hospital on December 4-5, 2012.

4.      Identify by name, agency and title all agents of the United States who transported plaintiff to Mercy Fitzgerald Hospital on December 4-5, 2012 or who were present at Mercy Fitzgerald Hospital on December 4-5, 2012 in relation to plaintiff's presence there.

5.      Identify by name, agency and title the United States agent reflected in the attached photograph, identified as Exhibit 1 [to be served on counsel upon the issuance of a Court Order authorizing John Doe discovery].

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.     Produce any and all documents referenced or related to information provided in response to the above interrogatories which reflect the identities of any and all agents of the United States involved in the matters described in the Complaint.

/s/ Jonathan H. Feinberg
Jonathan H. Feinberg
KAIRYS, RUDOVSKY, MESSING & FEINBERG
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA 19106

/s/ Jennie Santos-Bourne
Jennie Santos-Bourne
AMERICANS FOR IMMIGRANT JUSTICE
3000 Biscayne Blvd., Suite 400
Miami, FL 33137

*Counsel for Plaintiff*