LFL

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEADAWN FERGUSON,<br><br>          Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA;<br>CBP/ICE AGENT LAMANSKI;<br>CBP/ICE AGENT REYNOLDS;<br>CBP/ICE AGENT DOES 1-5;<br>FAJ K. GHIMIRE, M.D.;<br>DEREK L. ISENBERG, M.D.;<br>MAURA E. SAMMON, M.D.;<br>NURSE TARA CHOWDHURY;<br>NURSE STACEY RUTLAND;<br>NURSE NATALIE TRABOSCIA;<br>MEDICAL PROVIDER AND HOSPITAL<br>STAFF DOES 6-10;<br>MERCY FITZGERALD HOSPITAL; and<br>MERCY HEALTH SYSTEM<br><br>          Defendants. | Civil Action No. 14-cv-6807<br><br>FILED<br>MAR 03 2015<br>MICHAEL E. KUNZ, Clerk<br>_____ Dep. Clerk |

**STIPULATED ORDER REGARDING SCHEDULING OF INITIAL DISCOVERY AND
DISCLOSURE OF RECORDS AND INFORMATION SUBJECT TO THE PRIVACY ACT**

IT IS HEREBY STIPULATED AND AGREED, by and between plaintiff, Leadawn Ferguson, and defendant, the United States of America, as set forth below:

1. Ferguson brought this action against the United States, three individual federal defendants, and non-federal defendants in connection with Ferguson's alleged detention at the Philadelphia International Airport and a local hospital after she arrived on an international flight.

2. On February 12, 2015, Ferguson filed a Motion for Leave to Conduct Limited John Doe Discovery, ECF Doc. No. 17, seeking to ascertain the names of individuals whom she identified as "John Doe" defendants in the caption of her complaint.

3. In light of the negotiated agreements outlined below, Plaintiff's Motion for Leave to Conduct Limited John Doe Discovery, ECF Doc. No. 17, is DENIED as moot, and the Court's Scheduling Order of February 10, 2015, ECF Doc. No. 16, is VACATED.

4. On or before March 19, 2015, the United States (only) shall serve a response to Ferguson's First Set of Interrogatories and Request for Production of Documents, attached as Exhibit A to Ferguson's Motion for Leave to Conduct Limited John Doe Discovery.

5. On or before March 31, 2015, Ferguson shall file an amended pleading, if any.

6. On or before June 1, 2015 (i.e., sixty days after the deadline for Ferguson to file any amended pleading), the United States and Customs and Border Protection Agents Lemanski, Tandaric, and Reynolds shall file an answer or otherwise respond to the complaint or amended complaint, if any. To the extent that Ferguson files an amended pleading that names any additional federal defendant(s), the parties understand that it may be necessary to adjust this deadline to avoid the filing of piecemeal responses by federal defendants and to ensure that the United States and any individual federal defendants have the same response deadline. The parties will address an adjustment of the deadline upon Ferguson's filing of any amended pleading.

7. Ferguson and the United States further agree to be bound by the terms and conditions of a Privacy Act Stipulation and Order covering disclosure and handling of documents produced and disclosed by the United States and its agency, the United States Department of Homeland Security.

8. In Ferguson's First Set of Interrogatories and Request for Production of Documents, and during any fact discovery in this case, Ferguson intends to request documents and other information that include records identifying individuals' names. This information and/or records may include the names of U.S. Customs and Border Protection employees, as well

as Ferguson's personal identifying information, such as her date of birth, home address, Social Security number, and home telephone number, in a format that may not be easily redacted.

9.   The Privacy Act of 1974, 5 U.S.C. § 552a, protects certain records and information from public disclosure. Pursuant to the Privacy Act, the United States may not disclose such records unless the subject of the record consents, an exception applies, or there is a Court Order. See 5 U.S.C. § 552a(b)(11).

10.   In order to facilitate discovery in this matter, Ferguson and the United States agree to produce documents protected by the Privacy Act pursuant to this stipulated Order. The stipulated Order is designed to maintain the confidentiality of records that will be disclosed pursuant to the Order and to allow the production of Privacy Act-protected records to counsel for Ferguson and the United States and their agents, support staff, experts, and any other person set forth in paragraph 13 for use in this litigation. Any person who has access to such documents shall be informed that they are confidential and subject to non-disclosure and must agree to be bound by this Order's terms.

11.   Good cause exists for the Court to issue an Order that requires limited disclosure of information protected by the Privacy Act, and disclosure is appropriate under Federal Rule of Civil Procedure 26(c).

12.   Thus, counsel for the United States may produce documents protected by the Privacy Act to Ferguson's counsel for inspection and copying and for use as necessary in this litigation. Any such documents shall be designated and marked as "Confidential."

13.   Documents marked as Confidential shall be disclosed only to Ferguson's counsel, counsel for the United States and those working with them, and counsel for any individual federal defendants and those working with them, to be used only during the course of this litigation and for no other purpose. Disclosure in this litigation also includes disclosure to support staff working with the attorneys on this case, court reporters who transcribe testimony,

witnesses who may need to use the records in their testimony, agency counsel, and any outside experts and consultants.

14. Confidential information shall not be disclosed to any person or in any manner not specified in this Order or be used for any purpose other than the prosecution and defense of this lawsuit. A copy of this Privacy Act Stipulation and Order shall accompany all Confidential documents and shall bind all persons to whom the documents are shown.

15. Persons who obtain Confidential information pursuant to this Order shall use or disseminate such information only in connection with or preparation for dealings in this case and not for any other purpose and shall not disclose such information to any person other than those specified in this Order without leave of Court. Any copies or summaries of Confidential information shall be protected from disclosure except as needed in this litigation.

16. The United States, in its discretion, may produce documents that contain Confidential information in non-redacted format, but may also redact information to protect against identity theft or potential harm to families of law enforcement officers. But should either party intend to use any such documents in a manner in which they may become a matter of public record (for example, in a court filing or trial exhibit), the party shall redact all personally identifiable information from each document, as mandated by Local Rule 5.1.3 of the United States District Court for the Eastern District of Pennsylvania.

17. If a party wishes to modify the Order or its application to certain persons, documents, or information, the party shall first request such modification from the other party. Modification shall be effective upon the parties' agreement in writing. If the parties reach no agreement, the parties may petition the Court for modification. The terms of this Order shall govern unless and until the parties reach an agreement in writing or the Court grants modification. Any Confidential information presented at trial shall be redacted in the manner outlined in Local Rule 5.1.3.

18.     Confidential documents shall be destroyed (shredded) or returned to counsel for the United States within sixty (60) days after this litigation fully and finally concludes. If the documents are properly destroyed, Ferguson's attorneys shall so notify, in writing, the Assistant United States Attorneys appearing as counsel of record for the United States.

19.     This stipulated Order does not constitute a ruling on the question of whether particular records or portions of records are discoverable or admissible, nor does it constitute a ruling on whether certain records or portions of records contain privileged information. Moreover, this Order shall not be construed as a waiver by either party of any objections that might be raised as to the production or admissibility of any records that may be responsive to discovery requests. This Order also does not limit or in any way preclude the rights of the Department of Homeland Security to access, review, and/or maintain records containing information subject to the Privacy Act.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney

_____          _____
JONATHAN H. FEINBERG, ESQ.         SUSAN R. BECKER
Kairys, Rudovsky, Messing & Feinberg   Assistant United States Attorney
The Cast Iron Building             615 Chestnut Street,
718 Arch Street, Suite 501 South   Suite 1250
Philadelphia, PA 19106             Philadelphia, PA 19104
(215) 925-4400                     (215) 861-8310

*Attorney for Plaintiff Leadawn Ferguson*     *Attorney for the United States*

The following Stipulation is hereby APPROVED AND SO ORDERED on this _____ day of __3rd__ __March 2015__.

BY THE COURT:

_____
HONORABLE L. FELIPE RESTREPO
Judge, United States District Court

ENTERED

MAR - 3 2015

CLERK OF COURT

5