IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEADAWN FERGUSON, | : | CIVIL ACTION NO. 14-cv-6807 |
| Plaintiff, | : | JURY TRIAL DEMANDED |
| v. | : | |
| UNITED STATES OF AMERICA; CBP OFFICER STEPHEN LEMANSKI; CBP OFFICER THERESA TANDARIC; CBP OFFICER RIK REYNOLDS; PORT DIRECTOR ALLEN MARTOCCI; AREA ASSISTANT PORT DIRECTOR PAUL NARDELLA; SUPERVISORY CBP OFFICER JEFFREY ADAMS; SUPERVISORY CBP OFFICER MICHAEL GULKIS; CBP DUTY CHIEF ROBERT HEISS; CBP OFFICER NURIAN BADILLO-VARGAS; CBP OFFICER KATHLEEN BROWN; CBP OFFICER STEPHEN CHOROMANSKI; CBP OFFICER JOSE COLON; CBP OFFICER AKIO WISE; RAJ K. GHIMIRE, MD; DEREK L. ISENBERG, MD; MAURA E. SAMMON, MD; NURSE TARA; CHOWDHURY; NURSE STACEY RUTLAND; NURSE NATALIE TRABOSCIA;MEDICAL PROVIDER AND HOSPITALSTAFF DOES 1-5; MERCY FITZGERALD HOSPITAL; MERCY HEALTH SYSTEM, | : | |
| Defendants. | : | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS,
MERCY FITZGERALD HOSPITAL AND MERCY HEALTH SYSTEM,
TO PLAINTIFF'S AMENDED COMPLAINT**

Answering Defendants, Mercy Fitzgerald Hospital and Mercy Health System, by and through counsel, O'Brien & Ryan, LLP, hereby respond to Plaintiff's Amended Complaint and aver as follows:

1

I.     PRELIMINARY STATEMENT

1. – 3.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph of Plaintiff's Amended Complaint.

4. – 5.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph of Plaintiff's Amended Complaint.  The allegations set forth in this paragraph of Plaintiff's Amended Complaint are further denied as a conclusion of law.

6. – 8.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph of Plaintiff's Amended Complaint.

9.     Admitted in part, denied in part.  It is admitted that Plaintiff's Amended Complaint asserts the claims referenced in this paragraph.  It is denied that Plaintiff is entitled to the relief sought.

II.     JURISDICTION AND VENUE

10. – 12.     Denied as a conclusion of law.

III.     PARTIES

13. – 28.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph of Plaintiff's Amended Complaint.

29.     Admitted in part, denied in part.  It is admitted that Mercy Fitzgerald Hospital is an acute-care hospital in Darby, Pennsylvania and a part of Mercy Health System.  The

remaining allegations set forth in this paragraph of Plaintiff's Amended Complaint are denied as a conclusion of law.

30. Admitted in part, denied in part. It is admitted that, at all times relevant, Raj K. Ghimire, M.D. was an employee of Mercy Fitzgerald Hospital. It is denied that he was an employee of Mercy Health System.

31. Admitted in part, denied in part. It is admitted that, at all times relevant, Derek L. Isenberg, M.D. was an employee of Mercy Fitzgerald Hospital. It is denied that he was an employee of Mercy Health System.

32. Admitted in part, denied in part. It is admitted that, at all times relevant, Maura E. Sammon, M.D. was an employee of Mercy Fitzgerald Hospital. It is denied that she was an employee of Mercy Health System.

33. Admitted in part, denied in part. It is admitted that, at all times relevant, Tara Chowdhury was an employee of Mercy Fitzgerald Hospital. It is denied that she was an employee of Mercy Health System.

34. Admitted in part, denied in part. It is admitted that, at all times relevant, Stacey Rutland was an employee of Mercy Fitzgerald Hospital. It is denied that she was an employee of Mercy Health System.

35. Admitted in part, denied in part. It is admitted that, at all times relevant, Natalie Traboscia was an employee of Mercy Fitzgerald Hospital. It is denied that she was an employee of Mercy Health System.

36. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph of Plaintiff's Amended Complaint.

37. – 38.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph of Plaintiff's Amended Complaint. The allegations set forth in this paragraph of Plaintiff's Amended Complaint are further denied as a conclusion of law.

### IV.     FACTUAL ALLEGATIONS

39. – 102.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph of Plaintiff's Amended Complaint.

103.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph of Plaintiff's Amended Complaint. The allegations set forth in this paragraph of Plaintiff's Amended Complaint are further denied as a conclusion of law.

104. – 134.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph of Plaintiff's Amended Complaint.

135.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph of Plaintiff's Amended Complaint. The allegations set forth in this paragraph of Plaintiff's Amended Complaint are further denied as a conclusion of law.

136. – 145.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph of Plaintiff's Amended Complaint.

146. – 149.   Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph of Plaintiff's Amended Complaint.  The allegations set forth in this paragraph of Plaintiff's Amended Complaint are further denied as a conclusion of law.

### V.   CAUSES OF ACTION

#### Count I
#### Plaintiff LeaDawn Ferguson v. Defendant United States of America
#### Federal Tort Claims Act – False Arrest/False Imprisonment

150. – 152.   This count of Plaintiff's Amended Complaint does not relate to Answering Defendants.

#### Count II
#### Plaintiff LeaDawn Ferguson v. Defendant United States of America
#### Federal Tort Claims Act – Assault and Battery

153. – 155.   This count of Plaintiff's Amended Complaint does not relate to Answering Defendants.

#### Count III
#### Plaintiff LeaDawn Ferguson v. Defendant United States of America
#### Federal Tort Claims Act – Intentional Infliction of Emotional Distress

156. – 158.   This count of Plaintiff's Amended Complaint does not relate to Answering Defendants.

#### Count IV
#### Plaintiff LeaDawn Ferguson v. Defendant United States of America
#### Federal Tort Claims Act – Negligence

159. – 162.   This count of Plaintiff's Amended Complaint does not relate to Answering Defendants.

## Count V
### Plaintiff LeaDawn Ferguson v. Defendant United States of America
### Federal Tort Claims Act – Negligent Supervision, Hiring and Retention

163. – 166.    This count of Plaintiff's Amended Complaint does not relate to Answering Defendants.

## Count VI
### Plaintiff LeaDawn Ferguson v. Defendants Lemanski, Tandaric, Reynolds, Martocci, Nardella, Adams, Gulkis, Heiss, Badillo-Vargas, Brown, Choromanski, Colon, Wise, Ghimire, Isenberg, Sammon, Chowdhury, Rutland, Traboscia and Does 1-5
### *Bivens* Claim – Fourth Amendment – Unlawful Seizure

167. – 168.    This count of Plaintiff's Amended Complaint does not relate to Answering Defendants.

## Count VII
### Plaintiff LeaDawn Ferguson v. Defendants Lemanski, Tandaric, Reynolds, Martocci, Nardella, Adams, Gulkis, Heiss, Badillo-Vargas, Brown, Choromanski, Colon, Wise, Ghimire, Isenberg, Sammon, Chowdhury, Rutland, Traboscia and Does 1-5
### *Bivens* Claim – Fourth Amendment – Unlawful Search

169. – 170.    This count of Plaintiff's Amended Complaint does not relate to Answering Defendants.

## Count VIII
### Plaintiff LeaDawn Ferguson v. Defendants Lemanski, Tandaric, Reynolds, Martocci, Nardella, Adams, Gulkis, Heiss, Badillo-Vargas, Brown, Choromanski, Colon, Wise, Ghimire, Isenberg, Sammon, Chowdhury, Rutland, Traboscia and Does 1-5
### *Bivens* Claim – Fifth Amendment – Due Process Violation

171. – 172.    This count of Plaintiff's Amended Complaint does not relate to Answering Defendants.

## Count IX
**Plaintiff LeaDawn Ferguson v. Defendants Ghimire, Isenberg, Sammon, Chowdhury, Rutland, Traboscia, Does 1-5, Mercy Fitzgerald Hospital and Mercy Health System**
**State Law Claim – False Arrest/False Imprisonment**

173. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph of Plaintiff's Amended Complaint. The allegations set forth in this paragraph of Plaintiff's Amended Complaint are further denied as a conclusion of law.

174. – 175. Denied as a conclusion of law.

## Count X
**Plaintiff LeaDawn Ferguson v. Defendants Ghimire, Isenberg, Sammon, Chowdhury, Rutland, Traboscia, Does 1-5, Mercy Fitzgerald Hospital and Mercy Health System**
**State Law Claim – Assault and Battery**

176. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph of Plaintiff's Amended Complaint. The allegations set forth in this paragraph of Plaintiff's Amended Complaint are further denied as a conclusion of law.

177. – 178. Denied as a conclusion of law.

## Count XI
**Plaintiff LeaDawn Ferguson v. Defendants Ghimire, Isenberg, Sammon, Chowdhury, Rutland, Traboscia, Does 1-5, Mercy Fitzgerald Hospital and Mercy Health System**
**State Law Claim – Intentional Infliction of Emotional Distress**

179. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph of Plaintiff's Amended Complaint. The allegations set forth in this paragraph of Plaintiff's Amended Complaint are further denied as a conclusion of law.

180. – 181. Denied as a conclusion of law.

## Count XII
### Plaintiff LeaDawn Ferguson v. Defendants Ghimire, Isenberg, Sammon, Chowdhury, Rutland, Traboscia, Does 1-5, Mercy Fitzgerald Hospital and Mercy Health System
### State Law Claim – Negligence

182.    Denied as a conclusion of law.

183.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph of Plaintiff's Amended Complaint. The allegations set forth in this paragraph of Plaintiff's Amended Complaint are further denied as a conclusion of law.

184. – 185.    Denied as a conclusion of law.

## Count XIII
### Plaintiff LeaDawn Ferguson v.
### Defendants Mercy Fitzgerald Hospital and Mercy Health System
### State Law Claim – Negligent Supervision, Hiring and Retention

186. – 188.    Denied as a conclusion of law.

## Count XIV
### Plaintiff LeaDawn Ferguson v. Defendants Ghimire, Isenberg, Sammon, Chowdhury, Rutland, Traboscia and Does 1-5
### State Law Claim – Civil Conspiracy

189. – 190.    This count of Plaintiff's Amended Complaint does not relate to Answering Defendants.

WHEREFORE, Answering Defendants, Mercy Fitzgerald Hospital and Mercy Health System, respectfully request that this Honorable Court enter judgment in their favor and against Plaintiff, together with reasonable costs, interest, and attorneys' fees, on Plaintiff's Amended Complaint.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injuries, if any, were not caused by any action or inaction of Answering Defendants or their agents, servants, or employees.

THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations and/or the doctrine of laches.

FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel and/or res judicata.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of release.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of assumption of the risk.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's contributory negligence.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate the alleged damages, if any.

TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Medical Care Availability and Reduction of Error (MCARE) Act, 40 P.S. § 1303.101, *et seq*.

ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Mental Health Procedures Act, 50 P.S. § 7101, *et seq*.

TWELFTH AFFIRMATIVE DEFENSE

Answering Defendants, and their agents, servants, and employees, were not grossly negligent.

THIRTEENTH AFFIRMATIVE DEFENSE

Answering Defendants, and their agents, servants, and employees, acted at all times in good faith.

FOURTEENTH AFFIRMATIVE DEFENSE

Answering Defendants, and their agents, servants, and employees, are entitled to qualified immunity.

FIFTEENTH AFFIRMATIVE DEFENSE

Answering Defendants, and their agents, servants, and employees, did not violate any clearly established constitutional rights.

WHEREFORE, Answering Defendants, Mercy Fitzgerald Hospital and Mercy Health System, respectfully request that this Honorable Court enter judgment in their favor and against Plaintiff, together with reasonable costs, interest, and attorneys' fees, on Plaintiff's Amended Complaint.

**O'BRIEN & RYAN, LLP**

*/s/ Jeffrey P. Brien*
DANIEL F. RYAN, III
JEFFREY P. BRIEN
Hickory Pointe
2250 Hickory Road, Suite 300
Plymouth Meeting, PA 19462
(610) 834-8800
(610) 834-1749 (fax)
dryan@obrlaw.com
jbrien@obrlaw.com

*Attorneys for Defendants,*
*Raj K. Ghimire, M.D., Derek L. Isenberg,*
*M.D., Maura E. Sammon, M.D., Nurse Tara*
*Chowdhury, Nurse Stacey Rutland, Nurse*
*Natalie Traboscia, Mercy Fitzgerald*
*Hospital, and Mercy Health System*

Dated: June 1, 2015

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEADAWN FERGUSON, | : CIVIL ACTION NO. 14-cv-6807 |
| Plaintiff, | : JURY TRIAL DEMANDED |
| v. | : |
| UNITED STATES OF AMERICA; CBP/ICE AGENT LAMANSKI; CBP/ICE AGENT TANDARIC; CBP/ICE AGENT REYNOLDS; CBP/ICE AGENT DOES 1-5; RAJ K. GHIMIRE, MD; DEREK L. ISENBERG, MD; MAURA E. SAMMON, MD; NURSE TARA CHOWDHURY; NURSE STACEY RUTLAND; NURSE NATALIE TRABOSCIA; MEDICAL PROVIDER AND HOSPITAL STAFF DOES 6-10; MERCY FITZGERALD HOSPITAL; MERCY HEALTH SYSTEM, | : |
| Defendants. | : |

## CERTIFICATE OF SERVICE

I, Jeffrey P. Brien, Esquire, hereby certify that I caused a copy of the foregoing Answer and Affirmative Defenses of Defendants, Mercy Fitzgerald Hospital and Mercy Health System, to Plaintiff's Complaint to be served this day, via electronic filing, upon the following:

Jonathan H. Feinberg, Esquire
Kairys, Rudovsky, Messing & Feinberg
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA  19106
*Attorney for Plaintiff,*
*LeaDawn Ferguson*

Jennie Santos-Bourne, Esquire
Americans for Immigrant Justice
3000 Biscayne Boulevard, Suite 400
Miami, FL  33137
*Attorney for Plaintiff,*
*LeaDawn Ferguson*

Susan R. Becker, Esquire
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA  19106
*Attorney for Defendant,*
*United States of America*

**O'BRIEN & RYAN, LLP**

*/s/ Jeffrey P. Brien*
DANIEL F. RYAN, III
JEFFREY P. BRIEN
Identification Nos. 204087/27808
Hickory Pointe
2250 Hickory Road, Suite 300
Plymouth Meeting, PA 19462
(610) 834-8800
(610) 834-1749 (fax)
dryan@obrlaw.com
jbrien@obrlaw.com

*Attorneys for Defendants,*
*Raj K. Ghimire, M.D., Derek L. Isenberg,*
*M.D., Maura E. Sammon, M.D., Nurse Tara*
*Chowdhury, Nurse Stacey Rutland, Nurse*
*Natalie Traboscia, Mercy Fitzgerald*
*Hospital, and Mercy Health System*

Dated: June 1, 2015