IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEADAWN FERGUSON, | : | CIVIL ACTION NO. 14-cv-6807 |
| Plaintiff, | : | JURY TRIAL DEMANDED |
| v. | : | |
| UNITED STATES OF AMERICA; CBP OFFICER STEPHEN LEMANSKI; CBP OFFICER THERESA TANDARIC; CBP OFFICER RIK REYNOLDS; PORT DIRECTOR ALLEN MARTOCCI; AREA ASSISTANT PORT DIRECTOR PAUL NARDELLA; SUPERVISORY CBP OFFICER JEFFREY ADAMS; SUPERVISORY CBP OFFICER MICHAEL GULKIS; CBP DUTY CHIEF ROBERT HEISS; CBP OFFICER NURIAN BADILLO-VARGAS; CBP OFFICER KATHLEEN BROWN; CBP OFFICER STEPHEN CHOROMANSKI; CBP OFFICER JOSE COLON; CBP OFFICER AKIO WISE; RAJ K. GHIMIRE, MD; DEREK L. ISENBERG, MD; MAURA E. SAMMON, MD; NURSE TARA; CHOWDHURY; NURSE STACEY RUTLAND; NURSE NATALIE TRABOSCIA;MEDICAL PROVIDER AND HOSPITALSTAFF DOES 1-5; MERCY FITZGERALD HOSPITAL; MERCY HEALTH SYSTEM, | : | |
| Defendants. | : | |

**MOTION OF DEFENDANTS, RAJ K. GHIMIRE, M.D., DEREK L. ISENBERG, M.D., MAURA E. SAMMON, M.D., NURSE TARA CHOWDHURY, NURSE STACEY RUTLAND, AND NURSE NATALIE TRABOSCIA, TO DISMISS COUNTS VI, VII, AND VIII OF PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FEDERAL <u>RULE OF CIVIL PROCEDURE 12(b)(6)</u>**

Defendants, Raj K. Ghimire, M.D., Derek L. Isenberg, M.D., Maura E. Sammon, M.D.,

Nurse Tara Chowdhury, Nurse Stacey Rutland, and Nurse Natalie Traboscia, by and through

counsel, O'Brien & Ryan, LLP, hereby move for the dismissal of Counts VI, VII, and VIII of Plaintiff's Amended Complaint, which assert a cause of action on the basis of *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  In support of their motion, Defendants rely on the attached Memorandum of Law.

                                                 Respectfully submitted,

                                                 **O'BRIEN & RYAN, LLP**

*/s/ Jeffrey P. Brien*
DANIEL F. RYAN, III
JEFFREY P. BRIEN
Hickory Pointe
2250 Hickory Road, Suite 300
Plymouth Meeting, PA 19462
(610) 834-8800
(610) 834-1749 (fax)
dryan@obrlaw.com
jbrien@obrlaw.com

*Attorneys for Defendants,*
*Raj K. Ghimire, M.D., Derek L. Isenberg,*
*M.D., Maura E. Sammon, M.D., Nurse Tara*
*Chowdhury, Nurse Stacey Rutland, Nurse*
*Natalie Traboscia, Mercy Fitzgerald*
*Hospital, and Mercy Health System*

Dated: June 1, 2015

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEADAWN FERGUSON, | : CIVIL ACTION NO. 14-cv-6807 |
| Plaintiff, | : JURY TRIAL DEMANDED |
| v. | : |
| UNITED STATES OF AMERICA; CBP OFFICER STEPHEN LEMANSKI; CBP OFFICER THERESA TANDARIC; CBP OFFICER RIK REYNOLDS; PORT DIRECTOR ALLEN MARTOCCI; AREA ASSISTANT PORT DIRECTOR PAUL NARDELLA; SUPERVISORY CBP OFFICER JEFFREY ADAMS; SUPERVISORY CBP OFFICER MICHAEL GULKIS; CBP DUTY CHIEF ROBERT HEISS; CBP OFFICER NURIAN BADILLO-VARGAS; CBP OFFICER KATHLEEN BROWN; CBP OFFICER STEPHEN CHOROMANSKI; CBP OFFICER JOSE COLON; CBP OFFICER AKIO WISE; RAJ K. GHIMIRE, MD; DEREK L. ISENBERG, MD; MAURA E. SAMMON, MD; NURSE TARA; CHOWDHURY; NURSE STACEY RUTLAND; NURSE NATALIE TRABOSCIA;MEDICAL PROVIDER AND HOSPITALSTAFF DOES 1-5; MERCY FITZGERALD HOSPITAL; MERCY HEALTH SYSTEM, | : |
| Defendants. | : |

**MEMORANDUM OF LAW IN SUPPORT OF THE
MOTION OF DEFENDANTS, RAJ K. GHIMIRE, M.D., DEREK L. ISENBERG, M.D.,
MAURA E. SAMMON, M.D., NURSE TARA CHOWDHURY, NURSE STACEY
RUTLAND, AND NURSE NATALIE TRABOSCIA, TO DISMISS COUNTS VI, VII,
AND VIII OF PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FEDERAL
<u>RULE OF CIVIL PROCEDURE 12(b)(6)</u>**

I.     **FACTS AND PROCEDURAL HISTORY**

Plaintiff, LeaDawn Ferguson, alleges that she was detained at Philadelphia International Airport following a vacation to the Dominican Republic by Customs and Border Protection officers who suspected that she was a drug packer.  The Customs and Border Protection officers allegedly transported Plaintiff to Mercy Fitzgerald Hospital where she underwent invasive medical testing.  *See* Pl. Am. Compl., ¶¶ 1, 3-4.

Thereafter, Plaintiff initiated this action against the United States of America, thirteen individual federal officials, three physicians – Raj K. Ghimire, M.D., Derek L. Isenberg, M.D., Maura E. Sammon, M.D., three nurses – Nurse Tara Chowdhury, Nurse Stacey Rutland, Nurse Natalie Traboscia, Mercy Fitzgerald Hospital, and Mercy Health System.  *See* Pl. Am. Compl.

Plaintiff alleges that "Defendant Mercy Fitzgerald Hospital ("the Hospital") is an acute-care hospital in Darby, Pennsylvania and a part of Defendant Mercy Health System ("MHS")." Pl. Am. Compl., ¶ 29.  Plaintiff further alleges that Dr. Ghimire, Dr. Isenberg, Dr. Sammon, Ms. Chowdhury, Ms. Rutland, and Ms. Traboscia (collectively hereinafter "the healthcare provider defendants") were, at all relevant times, employed by MHS and/or the Hospital and acting within the scope and course of their employment.  *See* Pl. Am. Compl., ¶¶ 30-37.

Counts VI, VII, and VIII of Plaintiff's Amended Complaint assert a cause of action against the healthcare provider defendants on the basis of *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).  Count VI alleges unlawful seizure under the Fourth Amendment to the United States Constitution.  Count VII alleges unlawful search also under the Fourth Amendment.  And Count VIII alleges a due process violation under the Fifth Amendment.  *See* Pl. Am. Compl.

2

Plaintiff's Amended Complaint also asserts five state law causes of action against the healthcare provider defendants: false arrest/false imprisonment (Count IX), assault and battery (Count X), intentional infliction of emotional distress (Count XI), negligence (Count XII), and civil conspiracy (Count XIV).  *See* Pl. Am. Compl.

The healthcare provider defendants now move to dismiss Plaintiff's *Bivens* claim against them pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## II.   LEGAL ARGUMENT

A motion to dismiss should be granted "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  As Plaintiff is not entitled to relief on her *Bivens* claim against the healthcare provider defendants even if every allegation in her Amended Complaint is proven at trial, Counts VI, VII, and VIII of her Amended Complaint as to the healthcare provider defendants should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

### A.   A *BIVENS* CLAIM MAY NOT BE BROUGHT AGAINST A PRIVATE PARTY

A *Bivens* claim may not be brought against a private party, even if the private party was acting under the color of federal law.

In *Bivens*, the United States Supreme Court recognized an implied private action for damages against federal officials for the violation of a citizen's constitutional rights under the Fourth Amendment.  403 U.S. 388.  Since that time, the Court has been extremely reluctant to extend *Bivens*.  In fact, it has done so on only two occasions.  In *Davis v. Passman*, 442 U.S. 228 (1979), the Court extended the *Bivens* holding to claims arising from the alleged violation of the

3

Due Process Clause of the Fifth Amendment. The second time that the Court extended *Bivens* was in *Carlson v. Green*, 446 U.S. 14 (1980), where the Court allowed a *Bivens* claim to proceed under the Cruel and Unusual Punishment Clause of the Eighth Amendment. In *Davis*, the Court found that the plaintiff lacked any other remedy for her alleged constitutional violation. 442 U.S. at 245. In *Carlson*, the Court found that a Federal Tort Claims Act ("FTCA") claim against the United States was insufficient to deter the unconstitutional acts of individuals. 446 U.S. at 18-23.

Following *Carlson*, the Court has "consistently refused to extend *Bivens* liability to any new context or new category of defendants." *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 68 (2001). *See also Minneci v. Pollard*, 132 S.Ct. 617, 622 (2012) ("Since *Carlson*, the Court has had to decide in several different instances whether to imply a *Bivens* action. And in each instance it has decided against the existence of such an action."); *Bush v. Lucas*, 462 U.S. 367, 386-88 (1983) (declining to create a *Bivens* remedy against individual federal officials for a First Amendment violation arising in the context of federal employment); *Chappell v. Wallace*, 462 U.S. 669, 683-84 (1983) (declining to extend *Bivens* to a claim by military personnel that military supervisors had violated various constitutional violations); *Schweiker v. Chilicky*, 487 U.S. 412, 414, 425 (1988) (declining to infer a damages action against individual federal employees alleged to have violated due process in their handling of Social Security applications); *F.D.I.C. v. Meyer*, 510 U.S. 471, 484-86 (1994) (declining an invitation to extend *Bivens* to permit suit against a federal agency, even though the agency – because Congress had waived sovereign immunity – was otherwise amenable to suit).

In *Malesko*, John Malesko was a federal inmate who was housed in a halfway house owned by Correctional Services Corporation, a private corporation which operated the facility

4

under a contract with the federal Bureau of Prisons.  534 U.S. 61.  Malesko, who had a heart condition, alleged that his constitutional rights were violated when he was forced to take the stairs to his fifth floor bedroom.  He suffered a heart attack, fell, and injured his left ear.  Malesko brought suit against Correctional Services Corporation and others.  *Id.* at 63-65.

Malesko sought to extend *Bivens* liability to private entities acting under the color of federal law.  *Id.* at 66.  The Court rejected Malesko's effort to markedly extend *Bivens*, and dismissed his claim against Correctional Services Corporation.  *Id.* at 75.   The Court held that "[t]he caution toward extending *Bivens* remedies into any new context, a caution consistently and repeatedly recognized for three decades, forecloses such an extension here."  *Id.*

The Court considered a similar issue in *Minneci*.  132 S.Ct. 617.  In *Minneci*, Richard Lee Pollard was a federal prisoner held in a privately operated federal prison.  He filed a *Bivens* suit against employees of the prison alleging that they violated his Eighth Amendment right to receive adequate medical care.  *Id.* at 620-21.  The Court found that the employment status of the defendants made a critical difference and held that Pollard did not have a *Bivens* remedy.  *Id.* at 623.  The Court also noted that Pollard was able to bring suit against the defendants under state tort laws.  *Id.* at 623-26.

The United States Court of Appeals for the Third Circuit has strongly enforced the holdings of *Malesko* and *Minneci*.  In *Bob v. Kuo*, 387 Fed.Appx. 134 (3d Cir. 2010), the court dismissed a *Bivens* claim against a private corporation which operated a federal immigration detention center.

In *Perez-Barron v. U.S.*, 480 Fed.Appx. 688 (3d Cir. 2012), a federal prisoner confined to a private correctional facility owned by a private corporation brought suit against defendants including the private corporation and several of it employees on the basis of *Bivens*.  Citing

5

*Malesko* and *Minneci*, the court found that the plaintiff had failed to state a plausible claim to relief in his complaint.

In *Ruiz v. Federal Bureau of Prisons*, 481 Fed.Appx. 738 (3d Cir. 2012), the court dismissed a claim against the same private corporation.  The court held that *Malesko* stands for the proposition that "*Bivens* claims may be brought only against individual federal officers . . . ." *Id.* at 740.

In *Navarete v. United States*, 532 Fed.Appx. 121 (3d Cir. 2013), a *pro se* federal inmate alleged that various defendants, including the President of Louisiana State University ("LSU") and the owner of the Barnes & Noble Book Store at LSU, violated his First, Fourth, Fifth, Eighth, and Fourteenth Amendment Rights.  Since federal actors, but no state actors, were also named as defendants, the court construed the plaintiff's cause of action as a *Bivens* claim rather than a claim under 42 U.S.C. § 1983.  *Id.* at 121 n.1.  Eventually, all of the plaintiff's claims were dismissed.  On appeal, the Third Circuit held that the plaintiff's "constitutional claims against LSU and the Barnes and Noble bookstore, both private entities, were also properly dismissed."  *Id.* at 122, *citing Malesko*, 534 U.S. at 71.

In *Fontanez v. Pennsylvania*, 570 Fed.Appx. 115 (3d Cir. 2014), a federal prisoner was not permitted to bring a *Bivens* action against the Commonwealth of Pennsylvania related to his post-conviction relief appeal because the Commonwealth of Pennsylvania is not a federal actor.

The most recent Third Circuit case is also the most analogous to this case.  In *Robertson v. Executive Director, Brain Institute Geisinger Medical Center*, 2014 WL 643716 (M.D. Pa. 2014), a *pro se* federal prisoner filed a complaint which he cast as an Eighth Amendment *Bivens* claim even though no federal officials were named as defendants.  *Id.* at *4.  Because the plaintiff filed the suit *in forma pauperis*, his complaint was screened by Magistrate Judge Martin

C. Carlson.  Magistrate Judge Carlson noted that the plaintiff only sought "to sue a private party, the Executive Director of the Geisinger Medical Center Brain Institute."  *Id.*  Magistrate Judge Carlson concluded that "[t]his he may not do.  Indeed it is well-settled that *Bivens* claims do not lie against private parties who are performing services under a contract with the government."  *Id.*  Therefore, Magistrate Judge Carlson recommended that the plaintiff's *Bivens* claim "against this private medical provider" be dismissed.  *Id.* at *5.  District Court Judge A. Richard Caputo adopted this recommendation and dismissed the complaint without prejudice with leave to file an amended complaint.  *Id.* at *1.  The plaintiff declined and, instead, filed an appeal.

> On appeal, the Third Circuit affirmed.  The court held:
>
> The District Court did not err in dismissing the complaint. It is well-settled that a *Bivens* action can only be brought against federal officials, not private entities. *See Corr. Servs. Corp. v. Malesko,* 534 U.S. 61, 66, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001); *see also Minneci v. Pollard,* –––U.S. ––––, 132 S.Ct. 617, 626, 181 L.Ed.2d 606 (2012). This is true even if the private entity being sued was acting under color of federal law. *See Malesko,* 534 U.S. at 66, 122 S.Ct. 515. The Brain Institute's Executive Director, as a private entity, is thus not subject to *Bivens* liability. Because the sole defendant has no liability for the claims presented, the complaint was properly dismissed.

*Robertson v. Executive Director Brain Institute Geisinger Medical Center*, 578 Fed.Appx. 76, 77 (3d Cir. 2014).

In *Malesko*, the Supreme Court held that "[t]he purpose of *Bivens* is to deter individual federal officers from committing constitutional violations."  534 U.S. at 70.  On this basis, the Third Circuit stated that "*Bivens* claims may be brought only against individual federal officers . . . ."  *Ruiz*, 481 Fed.Appx. at 740.  In *Robertson*, the Third Circuit cited to *Minneci* and *Malesko* and held that "[i]t is well-settled that a *Bivens* action can only be brought against federal officials, not private entities."  578 Fed.Appx. at 77.  This limitation applies even where a defendant is alleged to have been acting under color of federal law.  *Id.*; *see also Malesko*, 534

U.S. at 66 (explicitly refusing to confer a right of action for damages under *Bivens* against private parties acting under the color of federal law).

As noted by the Supreme Court in *Minneci*, the employment status of a defendant is critical to determining the viability of a *Bivens* claim.  132 S.Ct. at 623 (distinguishing between personnel employed by the government and personnel employed by a private firm).  In fact, employment status is a bright line.  In *Minneci*, the Court refused to extend *Bivens* liability to private parties who performed functions indistinguishable from those often performed by federal officials, that is, working as a security officer, food-services supervisor, and medical staff at a facility housing federal prisoners.  *Id.* at 620.  The critical determination was the employment status of these defendants, not the nature of the activities which they performed.  Since those defendants were employees of a private company, the plaintiff could not bring a *Bivens* claim against them.  *Id.* at 626.

On the basis of this unbroken line of cases, it is clear that a *Bivens* claim may not be brought against a private party,

### B.   THE HEALTHCARE PROVIDER DEFENDANTS ARE PRIVATE PARTIES

Plaintiff's Amended Complaint merely alleges that the healthcare provider defendants were physicians and nurses employed by MHS and the Hospital.  Pl. Am. Compl., ¶¶ 30-37.  Plaintiff's Amended Complaint further alleges that the Hospital is an acute-care hospital.  Pl. Am. Compl., ¶ 29.  Plaintiff's Amended Complaint contains no allegation or inference that the healthcare provider defendants were federal officials or that they were employed by the federal government.  *See* Pl. Am. Compl.

Therefore, the healthcare provider defendants were private parties who are not subject to *Bivens* liability.  If Plaintiff is permitted to proceed with her *Bivens* claim against the healthcare

provider defendants, as the Court rejected in *Malesko*: this would be "a marked extension of *Bivens*, to contexts that would not advance *Bivens'* core purpose of deterring individual officers from engaging in unconstitutional wrongdoing." 534 U.S. at 74. No such extension of *Bivens* should be permitted here.

### C.     PLAINTIFF HAS AN ADEQUATE REMEDY UNDER STATE LAW

In *Bob, Perez-Barron*, *Ruiz*, *Navarette*, *Fontanez*, and *Robertson*, the Third Circuit held that a plaintiff may not bring a *Bivens* action against a private party, period. In none of these cases did the court analyze whether the plaintiff had an adequate remedy under state law. Therefore, Defendants do not need to establish the adequacy of Plaintiff's alternative remedies in order to prevail on their motion. However, to the extent that a *Bivens* claim is permitted where a plaintiff has no adequate state law remedy, the following examination establishes that Plaintiff has an adequate remedy under state law in this case.

One of the main justifications for allowing *Bivens* claims is the deterrent effect on individual federal officers who are not subject to liability under the FTCA. *See, e.g., Carlson*, 446 U.S. at 21 ("[T]he *Bivens* remedy, in addition to compensating victims, serves a deterrent purpose. Because the *Bivens* remedy is recoverable against individuals, it is a more effective deterrent than the FTCA remedy against the United States.") (internal citation omitted); *see also Malesko*, 534 U.S. at 70 ("The purpose of *Bivens* is to deter individual federal officers from committing constitutional violations.").

In this case, Plaintiff has brought only an FTCA claim against the United States of America and only a *Bivens* claim against thirteen individual federal officials. However, as to the healthcare provider defendants, Plaintiff has brought both a *Bivens* claim and state law tort claims. *See* Pl. Am. Compl. Plaintiff has alleged five state law torts against the healthcare

9

provider defendants resulting from the same series of events upon which her *Bivens* claims are based. *Id.* These state law claims, including false arrest/false imprisonment, assault and battery, and intentional infliction of emotional distress are equivalent to Plaintiff's *Bivens* claim under the Fourth (unlawful seizure and unlawful search) and Fifth (due process violation) Amendments.

As set forth in *Minneci*, "[s]tate-law remedies and a potential *Bivens* remedy need not be perfectly congruent." 132 S.Ct. at 625. The state law remedies may be less generous in some respects, and more generous in other respects, and still be considered adequate. *Id.* The Court held that, "in principle, the question is whether, in general, state tort law remedies provide roughly similar incentives for potential defendants to comply with the Eighth Amendment while also providing roughly similar compensation to victims of violations." *Id.*

Here, is it is clear that Plaintiff has an adequate remedy under state law to both deter private parties in the future from undertaking the type of conduct which she alleges and to compensate her for her alleged injuries. If Plaintiff prevails on her state law claims at trial and proves, for example, that the healthcare provider defendants "deprived Ms. Ferguson of her liberty by detaining her at the Hospital on the purported basis that she was a danger to herself, while disregarding willfully, recklessly or with gross negligence the fact that she did not require medical treatment" (false arrest/false imprisonment; Pl. Am. Compl., ¶ 173) or that the conduct of the healthcare provider defendants was "outrageous and extreme" (intentional infliction of emotional distress; Pl. Am. Compl., ¶ 179), there can be little doubt that this would provide ample incentives for healthcare providers to carefully consider their conduct in similar situations in the future. Meanwhile, if Plaintiff prevails on her state law claims, she may recover

compensatory and punitive damages. This is similar compensation to the compensation that she could receive on a *Bivens* claim.

Therefore, Plaintiff has an adequate remedy under state law even if her *Bivens* claim against the healthcare provider defendants is dismissed.

### III.     CONCLUSION

For the reasons set forth above, Defendants, Raj K. Ghimire, M.D., Derek L. Isenberg, M.D., Maura E. Sammon, M.D., Nurse Tara Chowdhury, Nurse Stacey Rutland, and Nurse Natalie Traboscia, respectfully request that this Honorable Court grant their Motion and enter the attached Order.

                                                   Respectfully submitted,

                                                   **O'BRIEN & RYAN, LLP**

                                                   */s/ Jeffrey P. Brien*
                                                   DANIEL F. RYAN, III
                                                   JEFFREY P. BRIEN
                                                   Hickory Pointe
                                                   2250 Hickory Road, Suite 300
                                                   Plymouth Meeting, PA 19462
                                                   (610) 834-8800
                                                   (610) 834-1749 (fax)
                                                   dryan@obrlaw.com
                                                   jbrien@obrlaw.com

                                                   *Attorneys for Defendants,*
                                                   *Raj K. Ghimire, M.D., Derek L. Isenberg,*
                                                   *M.D., Maura E. Sammon, M.D., Nurse Tara*
                                                   *Chowdhury, Nurse Stacey Rutland, Nurse*
                                                   *Natalie Traboscia, Mercy Fitzgerald*
                                                   *Hospital, and Mercy Health System*

Dated: June 1, 2015

11

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEADAWN FERGUSON, | : CIVIL ACTION NO. 14-cv-6807 |
| Plaintiff, | : JURY TRIAL DEMANDED |
| v. | : |
| UNITED STATES OF AMERICA; et al. | : |
| Defendants. | : |

## ORDER

On this _____ day of _____, 2015, upon consideration of the Motion of Defendants, Raj K. Ghimire, M.D., Derek L. Isenberg, M.D., Maura E. Sammon, M.D., Nurse Tara Chowdhury, Nurse Stacey Rutland, and Nurse Natalie Traboscia, to Dismiss Counts VI, VII, and VIII of Plaintiff's Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6), the response thereto, and oral argument, if any, it is hereby **ORDERED** that the motion is **GRANTED**; Counts VI, VII, and VIII of Plaintiff's Amended Complaint and Plaintiff's claims against Raj K. Ghimire, M.D., Derek L. Isenberg, M.D., Maura E. Sammon, M.D., Nurse Tara Chowdhury, Nurse Stacey Rutland, and Nurse Natalie Traboscia on the basis of *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) are **DISMISSED WITH PREJUDICE**.

BY THE COURT:

_____
HONORABLE L. FELIPE RESTREPO
Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEADAWN FERGUSON, | : CIVIL ACTION NO. 14-cv-6807 |
| Plaintiff, | : JURY TRIAL DEMANDED |
| v. | : |
| UNITED STATES OF AMERICA; CBP/ICE AGENT LAMANSKI; CBP/ICE AGENT TANDARIC; CBP/ICE AGENT REYNOLDS; CBP/ICE AGENT DOES 1-5; RAJ K. GHIMIRE, MD; DEREK L. ISENBERG, MD; MAURA E. SAMMON, MD; NURSE TARA CHOWDHURY; NURSE STACEY RUTLAND; NURSE NATALIE TRABOSCIA; MEDICAL PROVIDER AND HOSPITAL STAFF DOES 6-10; MERCY FITZGERALD HOSPITAL; MERCY HEALTH SYSTEM, | : |
| Defendants. | : |

## CERTIFICATE OF SERVICE

I, Jeffrey P. Brien, Esquire, hereby certify that I caused a copy of the foregoing Motion of Defendants, Raj K. Ghimire, M.D., Derek L. Isenberg, M.D., Maura E. Sammon, M.D., Nurse Tara Chowdhury, Nurse Stacey Rutland, and Nurse Natalie Traboscia, to Dismiss Counts VI, VII, and VIII of Plaintiff's Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) to be served this day, via electronic filing, upon the following:

Jonathan H. Feinberg, Esquire
Kairys, Rudovsky, Messing & Feinberg
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA  19106
*Attorney for Plaintiff,*
*LeaDawn Ferguson*

Jennie Santos-Bourne, Esquire
Americans for Immigrant Justice
3000 Biscayne Boulevard, Suite 400
Miami, FL  33137
*Attorney for Plaintiff,*
*LeaDawn Ferguson*

Susan R. Becker, Esquire
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA  19106
*Attorney for Defendant,*
*United States of America*

**O'BRIEN & RYAN, LLP**

*/s/ Jeffrey P. Brien*
DANIEL F. RYAN, III
JEFFREY P. BRIEN
Identification Nos. 204087/27808
Hickory Pointe
2250 Hickory Road, Suite 300
Plymouth Meeting, PA 19462
(610) 834-8800
(610) 834-1749 (fax)
dryan@obrlaw.com
jbrien@obrlaw.com

*Attorneys for Defendants,*
*Raj K. Ghimire, M.D., Derek L. Isenberg,*
*M.D., Maura E. Sammon, M.D., Nurse Tara*
*Chowdhury, Nurse Stacey Rutland, Nurse*
*Natalie Traboscia, Mercy Fitzgerald*
*Hospital, and Mercy Health System*

Dated: June 1, 2015