## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LEADAWN FERGUSON,                              :
                                               :
              Plaintiff,                        :
                                               :
       v.                                      :         Civil Action No. 14-cv-6807
                                               :
UNITED STATES OF AMERICA;                      :
CBP OFFICER STEPHEN LEMANSKI;                  :
CBP OFFICER THERESA TANDARIC;                  :
CBP OFFICER RIK REYNOLDS;                      :
PORT DIRECTOR ALLEN MARTOCCI;                  :
AREA ASSISTANT PORT DIRECTOR                   :
PAUL NARDELLA;                                 :
SUPERVISORY CBP OFFICER                        :
JEFFREY ADAMS;                                 :
SUPERVISORY CBP OFFICER                        :
MICHAEL GULKIS;                                :
CBP DUTY CHIEF ROBERT HEISS;                   :
CBP OFFICER NURIAN BADILLO-VARGAS;             :
CBP OFFICER KATHLEEN BROWN;                    :
CBP OFFICER STEPHEN CHOROMANSKI;               :
CBP OFFICER JOSE COLON;                        :
CBP OFFICER AKIO WISE;                         :
RAJ K. GHIMIRE, M.D.;                          :
DEREK L. ISENBERG, M.D.;                       :
MAURA E. SAMMON, M.D.;                         :
NURSE TARA CHOWDHURY;                          :
NURSE STACEY RUTLAND;                          :
NURSE NATALIE TRABOSCIA;                       :
MEDICAL PROVIDER AND HOSPITAL                  :
STAFF DOES 1-5;                                :
MERCY FITZGERALD HOSPITAL; and                 :
MERCY HEALTH SYSTEM                            :
                                               :
              Defendants.                       :

FEDERAL DEFENDANTS' ANSWER[1] TO AMENDED COMPLAINT

## I. PRELIMINARY STATEMENT

1.      Denied as stated. By way of further answer, upon information and belief Ferguson is a United States citizen, she is African-American, and she was thirty-six years old at the time of the incidents alleged in the complaint. Ferguson purchased her ticket for the Dominican Republic on December 3, 2012 and departed that same evening. She arrived at Punta Cana, Dominican Republic, at approximately 11:30 p.m. on December 3, 2012, and returned to the Philadelphia International Airport the next day, December 4, 2012, at approximately 6:30 p.m. Due to the short duration of Ferguson's international trip to a known drug-source country, and other factors, and because of concerns that Ferguson might be transporting illegal drugs, United States Customs and Border Protection ("CBP") Officer Stephen Lemanski from the Passenger Operations Unit referred Ferguson for further inspection upon her arrival at the United States border. Federal defendants deny all other allegations in this paragraph.

2.      Denied as stated. By way of further answer, federal defendants deny that CBP officers had no basis for their suspicions of Ferguson. Federal defendants admit that the officers ultimately did not find illegal drugs on Ferguson's person or her belongings, but federal defendants deny all other allegations in this paragraph.

---

[1]  In order to preserve the Court's and the parties' time and resources, this answer is being filed on behalf of the United States and federal defendants Lemanski, Tandaric, Reynolds, Martocci, Nardella, Gulkis, Heiss and Brown. By way of stipulation filed on December 15, 2015, federal defendants Adams, Choromanski, Badillo-Vargas, Colon, and Wise have been dismissed. This answer reflects the collective knowledge of all federal defendants and does not bind any particular individual defendant with regard to his or her knowledge of events. All of the remaining defendants will be collectively referred to as "federal defendants."

3.      Denied as stated. Paragraph 3 is a legal conclusion for which no response is required. By way of further answer, Ferguson did not consent to an x-ray and CBP officers transferred her to Mercy Fitzgerald Hospital ("the hospital") after receiving approval to do so from the CBP Philadelphia Area Port Director, after consultation with CBP's on-duty legal counsel.  Federal defendants deny all other allegations in this paragraph.

4.      Denied as stated. By way of further answer, the allegations are not directed at the federal defendants. Upon information and belief, Hospital defendants admitted Ferguson to the hospital due to their concerns about her medical condition.

5.      Federal defendants deny the allegations contained in paragraph 5 for lack of knowledge or information sufficient to form a belief as to their truth.  By way of further answer, the medical records reflect Ferguson's medical treatment at the hospital.

6.      Denied as stated. By way of further response, CBP officers ultimately did not find illegal drugs on Ferguson's person or her belongings. Federal defendants deny all other allegations in this paragraph.

7.      Federal defendants deny the allegations contained in paragraph 7 for lack of knowledge or information sufficient to form a belief as to their truth.  By way of further response, paragraph 7 is not directed at federal defendants. Federal defendants further answer that, upon information and belief, Ferguson returned back to the Philadelphia International Airport at approximately 6:30 p.m. on December 7, 2012.

8.      Paragraph 8 contains legal conclusions for which no response is required.  To the extent it contains factual allegations, they are denied.

9.      Federal defendants admit that Ferguson filed a federal court complaint alleging claims against the United States under the Federal Tort Claims Act; claims against individual

federal defendants pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and claims against the Hospital defendants under the United States Constitution and Pennsylvania state law. Federal defendants deny that Ferguson is entitled to compensation or relief or any kind.

## II.  JURISDICTION AND VENUE

10.     Paragraph 10 contains legal conclusions for which no response is required.

11.     Federal defendants admit that Ferguson filed an administrative tort claim on or about May 16, 2014, and a federal district court complaint on or about December 1, 2014. All other averments in paragraph 11 are legal conclusions for which no response is required.

12.     Paragraph 12 contains legal conclusions for which no response is required.

## III.  PARTIES

13.     Federal defendants deny the allegations in paragraph 13 for lack of knowledge or information sufficient to form a belief as to their truth.

14.     Paragraph 14 contains legal conclusions for which no response is required. To the extent a response is required, paragraph 14 is admitted.

15.     Denied as stated. By way of further answer, Officer Lemanski was employed by CBP and assigned to the Philadelphia International Airport at all relevant times. Officer Lemanski is sued in his individual capacity. That suit is limited pursuant to the provisions of the stipulation filed on December 15, 2015.

16.     Denied as stated. By way of further answer, Officer Tandaric was employed by CBP and assigned to the Philadelphia International Airport at all relevant times.  Officer Tandaric is sued in her individual capacity. That suit is limited pursuant to the provisions of the stipulation filed on December 15, 2015.

4

17.     Denied as stated. By way of further answer, Officer Reynolds was employed by CBP and assigned to the Philadelphia International Airport at all relevant times. Officer Reynolds is sued in his individual capacity. That suit is limited pursuant to the provisions of the stipulation filed on December 15, 2015.

18.     Denied as stated. By way of further answer, Allan Martocci was employed by CBP as the Philadelphia Area Port Director at all relevant times. Martocci is sued in his individual capacity. That suit is limited pursuant to the provisions of the stipulation filed on December 15, 2015.

19.     Denied as stated. By way of further answer, Paul Nardella was employed by CBP as Assistant Port Director and assigned to the Philadelphia International Airport at all relevant times. Nardella is sued in his individual capacity.  That suit is limited pursuant to the provisions of the stipulation filed on December 15, 2015.

20.     Pursuant to the stipulation filed December 15, 2015, Supervisory CBP Officer Jeffrey Adams has been dismissed as an individual defendant.

21.     Denied as stated.  By way of further answer, Supervisory Officer Gulkis was employed by CBP and assigned to the Philadelphia International Airport at all relevant times. Officer Gulkis is sued in his individual capacity. That suit is limited pursuant to the provisions of the stipulation filed on December 15, 2015.

22.     Denied as stated. By way of further answer, Robert Heiss was employed by CBP as a Duty Chief/Supervisor and assigned to the Philadelphia International Airport at all relevant times.  Heiss is sued in his individual capacity.  That suit is limited pursuant to the provisions of the stipulation filed on December 15, 2015.

23.     Pursuant to the stipulation filed on December 15, 2015, Agricultural Specialist

Nurian Badillo-Vargas[2] has been dismissed as an individual defendant.

24.     Denied as stated. By way of further answer, Officer Brown was employed by

CBP and assigned to the Philadelphia International Airport at all relevant times. Officer Brown is

sued in her individual capacity. That suit is limited pursuant to the provisions of the stipulation

filed on December 15, 2015.

25.     Pursuant to the stipulation filed on December 15, 2015, CBP Officer Stephen

Choromanski has been dismissed as an individual defendant.

26.     Pursuant to the stipulation filed on December 15, 2015, CBP Officer Jose Colon

has been dismissed as an individual defendant.

27.     Pursuant to the stipulation filed on December 15, 2015, CBP Officer Akio Wise

has been dismissed as an individual defendant.

28.     Paragraph 28 is a legal conclusion for which no response is required. By way of

further answer, pursuant to the stipulation filed on December 15, 2015, defendants Adams,

Badillo-Vargas, Choromanski, Colon, and Wise have been dismissed as individual defendants,

and plaintiff will not contend that federal defendants Lemanski, Tandaric, Reynolds, Martocci,

Nardella, Gulkis, Heiss, and Brown are liable for any conduct in paragraphs 44-60.

29.     Federal defendants deny the allegations contained in paragraph 29 for lack of

knowledge or information sufficient to form a belief as to their truth.

30.     Federal defendants deny the allegations contained in paragraph 30 for lack of

knowledge or information sufficient to form a belief as to their truth.

31.     Federal defendants deny the allegations contained in paragraph 31 for lack of

---

[2]  By way of further clarification, Badillo-Vargas' title is Agricultural Specialist. She is not a
CBP Officer.

knowledge or information sufficient to form a belief as to their truth.

32.     Federal defendants deny the allegations contained in paragraph 32 for lack of knowledge or information sufficient to form a belief as to their truth.

33.     Federal defendants deny the allegations contained in paragraph 33 for lack of knowledge or information sufficient to form a belief as to their truth.

34.     Federal defendants deny the allegations contained in paragraph 34 for lack of knowledge or information sufficient to form a belief as to their truth.

35.     Federal defendants deny the allegations contained in paragraph 35 for lack of knowledge or information sufficient to form a belief as to their truth.

36.     Federal defendants deny the allegations contained in paragraph 36 for lack of knowledge or information sufficient to form a belief as to their truth.

37.     Federal defendants deny the allegations contained in paragraph 37 for lack of knowledge or information sufficient to form a belief as to their truth.

38.     Paragraph 38 contains legal conclusions to which no response is required.  To the extent Paragraph 38 contains factual allegations, federal defendants deny them.

## IV. FACTUAL ALLEGATIONS

39.     Admitted. By way of further answer, the entirety of Ferguson's trip was less than 24 hours. Ferguson purchased her ticket for the Dominican Republic on December 3, 2012, and departed that same evening.  She arrived at Punta Cana, Dominican Republic, at 11:30 p.m. on December 3, 2012, and returned to the Philadelphia International Airport the next day, December 4, 2012, at approximately 6:30 p.m.

40.     Admitted.  By way of further answer, the Dominican Republic is also a known illegal drug source country.

41.     Federal defendants deny the allegations contained in paragraph 41 for lack of knowledge or information sufficient to form a belief as to their truth.

42.     Federal defendants deny the allegations contained in paragraph 42 for lack of knowledge or information sufficient to form a belief as to their truth.

43.     Denied as stated.  By way of further answer, due to the short duration of Ferguson's international trip to a known drug source country, and other factors, the CBP Passenger Analytical Unit flagged her for additional customs inspection.  Therefore, after the primary inspection booth, Ferguson was referred to inspectors in the secondary inspection area who planned to ask her further questions and examine her luggage.

44.     Pursuant to paragraph 2 of the stipulation filed on December 15, 2015, Ferguson will not contend that federal defendants are liable for any conduct in paragraphs 44-60 and therefore no response from federal defendants is required.

45.     Pursuant to paragraph 2 of the stipulation filed on December 15, 2015, Ferguson will not contend that federal defendants are liable for any conduct in paragraphs 44-60 and therefore no response from federal defendants is required.

46.     Pursuant to paragraph 2 of the stipulation filed on December 15, 2015, Ferguson will not contend that federal defendants are liable for any conduct in paragraphs 44-60 and therefore no response from federal defendants is required.

47.     Pursuant to paragraph 2 of the stipulation filed on December 15, 2015, Ferguson will not contend that federal defendants are liable for any conduct in paragraphs 44-60 and therefore no response from federal defendants is required.

48.     Pursuant to paragraph 2 of the stipulation filed on December 15, 2015, Ferguson will not contend that federal defendants are liable for any conduct in paragraphs 44-60 and therefore no response from federal defendants is required.

49.     Pursuant to paragraph 2 of the stipulation filed on December 15, 2015, Ferguson will not contend that federal defendants are liable for any conduct in paragraphs 44-60 and therefore no response from federal defendants is required.

50.     Pursuant to paragraph 2 of the stipulation filed on December 15, 2015, Ferguson will not contend that federal defendants are liable for any conduct in paragraphs 44-60 and therefore no response from federal defendants is required.

51.     Pursuant to paragraph 2 of the stipulation filed on December 15, 2015, Ferguson will not contend that federal defendants are liable for any conduct in paragraphs 44-60 and therefore no response from federal defendants is required.

52.     Pursuant to paragraph 2 of the stipulation filed on December 15, 2015, Ferguson will not contend that federal defendants are liable for any conduct in paragraphs 44-60 and therefore no response from federal defendants is required.

53.     Pursuant to paragraph 2 of the stipulation filed on December 15, 2015, Ferguson will not contend that federal defendants are liable for any conduct in paragraphs 44-60 and therefore no response from federal defendants is required.

54.     Pursuant to paragraph 2 of the stipulation filed on December 15, 2015, Ferguson will not contend that federal defendants are liable for any conduct in paragraphs 44-60 and therefore no response from federal defendants is required.

55.     Pursuant to paragraph 2 of the stipulation filed on December 15, 2015, Ferguson will not contend that federal defendants are liable for any conduct in paragraphs 44-60 and therefore no response from federal defendants is required.

56.     Pursuant to paragraph 2 of the stipulation filed on December 15, 2015, Ferguson will not contend that federal defendants are liable for any conduct in paragraphs 44-60 and therefore no response from federal defendants is required.

57.     Pursuant to paragraph 2 of the stipulation filed on December 15, 2015, Ferguson will not contend that federal defendants are liable for any conduct in paragraphs 44-60 and therefore no response from federal defendants is required.

58.     Pursuant to paragraph 2 of the stipulation filed on December 15, 2015, Ferguson will not contend that federal defendants are liable for any conduct in paragraphs 44-60 and therefore no response from federal defendants is required.

59.     Pursuant to paragraph 2 of the stipulation filed on December 15, 2015, Ferguson will not contend that federal defendants are liable for any conduct in paragraphs 44-60 and therefore no response from federal defendants is required.

60.     Pursuant to paragraph 2 of the stipulation filed on December 15, 2015, Ferguson will not contend that federal defendants are liable for any conduct in paragraphs 44-60 and therefore no response from federal defendants is required.

61.     Denied as stated. By way of further answer, federal defendants admit that one or more CBP officers continued to question Ferguson.

62.     Denied as stated. By way of further answer, federal defendants admit that Ferguson requested to speak with an attorney.

63.     Denied.

64.     Denied as stated. By way of further answer, CBP officers requested that Ferguson consent to an x-ray that would expeditiously determine whether Ferguson was carrying illegal drugs in her system.

65.     Denied.

66.     Denied as stated.  By way of further answer, federal defendants admit that Ferguson did not sign the consent form for an x-ray.

67.     Denied as stated. By way of further answer, Ferguson was permitted to notify a person of her choosing about her circumstances, and federal defendants deny that Ferguson was entitled to an additional call to an attorney.

68.     Admitted.

69.     Denied as stated.  By way of further answer, CBP Officers Lemanski and Tandaric followed CBP procedure by handcuffing Ferguson and taping her pant legs before walking with her to the car to transport her to the hospital.

70.     Denied.

71.     Admitted.

72.     Denied.

73.     Admitted, except that the officers and Ferguson arrived at the hospital at approximately 3:10 a.m.

74.     Federal defendants deny the allegations contained in paragraph 74 for lack of knowledge or information sufficient to form a belief as to their truth

75.     Denied. By way of further answer, the CBP officers brought Ferguson to the hospital because she was suspected of internal drug smuggling, and because she had not

consented to an x-ray, the Port Director had approved Ferguson's transfer to the hospital for the purpose of a monitored bowel movement pursuant to the CBP Personal Search Handbook. (http://foiarr.cbp.gov/streamingWord.asp?i=7).

76.     Federal defendants deny the allegations contained in paragraph 76 for lack of knowledge or information sufficient to form a belief as to their truth.

77.     Federal defendants deny the allegations contained in paragraph 77 for lack of knowledge or information sufficient to form a belief as to their truth.

78.     Federal defendants deny the allegations contained in paragraph 78 for lack of knowledge or information sufficient to form a belief as to their truth.

79.     Denied.

80.     Federal defendants admit that Ferguson did not sign a consent form.  Federal defendants otherwise deny the allegations contained in paragraph 80.

81.     Federal defendants admit that Ferguson was brought to an inpatient room at the hospital.  Federal defendants otherwise deny the allegations contained in paragraph 81.

82.     Federal defendants admit that CBP officers Lemanski and Tandaric remained by the door.  Federal defendants otherwise deny the allegations contained in pargraph 82.

83.     Admitted.  By way of further answer, at approximately 8:45 a.m. on December 5, 2012, CBP Officers Reynolds and Brown replaced CBP Officers Lemanski and Tandaric at the hospital.

84.     Denied as stated.  By way of further answer, pursuant to the Port Director's approval and CBP policy, Ferguson was to remain at the hospital until she completed a monitored bowel movement, as set forth in the CBP Personal Search Handbook.

85.     Denied.

12

86.     Federal defendants deny the allegations contained in paragraph 86 for lack of knowledge or information sufficient to form a belief as to their truth.

87.     Federal defendants deny the allegations contained in paragraph 87 for lack of knowledge or information sufficient to form a belief as to their truth.

88.     Federal defendants deny the allegations contained in paragraph 88 for lack of knowledge or information sufficient to form a belief as to their truth.

89.     Federal defendants deny the allegations contained in paragraph 89 for lack of knowledge or information sufficient to form a belief as to their truth. By way of further answer, the CBP officers did not need a warrant to transport Ferguson to the hospital for an approved monitored bowel movement.

90.     Denied.

91.     Federal defendants deny the allegations contained in paragraph 91 for lack of knowledge or information sufficient to form a belief as to their truth.

92.     Federal defendants deny the allegations contained in paragraph 92 for lack of knowledge or information sufficient to form a belief as to their truth. By way of further answer, federal defendants admit that medical professionals at the hospital spoke to Ferguson.

93.     Denied as stated. By way of further answer, federal defendants admit that Ferguson did not want medical treatment.

94.     Federal defendants admit that Ferguson showed signs of an elevated heart rate, and further answer that the medical records reflect which hospital personnel were involved with Ferguson's treatment.

95.     Denied.

96.     Denied as stated. By way of further answer, federal defendants admit that Ferguson was admitted to the hospital.

97.     Federal defendants deny the allegations contained in paragraph 97 for lack of knowledge or information sufficient to form a belief as to their truth. By way of further answer, Ferguson's medical records reflect that medical personnel were concerned about her elevated heart rate.

98.     Federal defendants deny the allegations contained in paragraph 98 for lack of knowledge or information sufficient to form a belief as to their truth. By way of further answer, federal defendants admit that Ferguson had an elevated heart rate.

99.     Denied as stated. By way of further answer, no warrant was required because Ferguson was at the hospital for an approved monitored bowel movement. Although federal defendants explored whether to seek a warrant to obtain an involuntary x-ray (after hospital personnel inquired about a warrant), no warrant for an involuntary x-ray was needed. In any event, no warrant was sought from the court because the hospital admitted Ferguson, and ultimately performed an x-ray and other medical tests, due to medical professionals' independent concerns about her elevated heart rate.

100.    Federal defendants deny the allegations contained in paragraph 100 for lack of knowledge or information sufficient to form a belief as to their truth.

101.    Denied as stated. Federal defendants incorporate by reference their response to paragraph 99.

102.    Denied as stated. Upon information and belief, federal defendants admit that Dr. Sammon admitted Ferguson to the hospital on December 5, 2012, because she was concerned about Ferguson's medical condition.

103.   Denied.

104.   Denied.

105.   Denied as stated. By way of further answer, federal defendants admit that the hospital medical professionals admitted Ferguson because in their medical judgment they were concerned about her safety. Federal defendants incorporate their response to paragraph 99 that there was no need to obtain a warrant for an approved monitored bowel movement.

106.   Federal defendants deny the allegations contained in paragraph 106 for lack of knowledge or information sufficient to form a belief as to their truth. By way of further answer, Ferguson's medical records reflect her medical treatment at the hospital.

107.   Federal defendants deny the allegations contained in paragraph 107 for lack of knowledge or information sufficient to form a belief as to their truth, and specifically deny the allegation that medical staff treated Ferguson as alleged in the presence of a male CBP defendant. By way of further answer, Ferguson's medical records reflect her medical treatment at the hospital.

108.   Denied.

109.   Denied.

110.   Federal defendants deny the allegations contained in paragraph 110 for lack of knowledge or information sufficient to form a belief as to their truth. By way of further answer, Ferguson's medical records reflect her medical treatment at the hospital.

111.   Federal defendants deny the allegations contained in paragraph 111 for lack of knowledge or information sufficient to form a belief as to their truth. By way of further answer, Ferguson's medical records reflect her medical treatment at the hospital.

112.    Federal defendants deny the allegations contained in paragraph 112 for lack of knowledge or information sufficient to form a belief as to their truth. By way of further answer, Ferguson's medical records reflect her medical treatment at the hospital.

113.    Federal defendants deny the allegations contained in paragraph 113 for lack of knowledge or information sufficient to form a belief as to their truth. By way of further answer, Ferguson's medical records reflect her medical treatment at the hospital.

114.    Federal defendants deny the allegations contained in paragraph 114 for lack of knowledge or information sufficient to form a belief as to their truth. By way of further answer, Ferguson's medical records reflect her medical treatment at the hospital.

115.    Federal defendants deny the allegations contained in paragraph 115 for lack of knowledge or information sufficient to form a belief as to their truth.

116.    Federal defendants deny the allegations contained in paragraph 116 for lack of knowledge or information sufficient to form a belief as to their truth, except federal defendants admit that Ferguson did not consent to medical treatment at the hospital.

117.    Denied.

118.    Federal defendants deny the allegations contained in paragraph 118 for lack of knowledge or information sufficient to form a belief as to their truth.

119.    Federal defendants deny the allegations contained in paragraph 119 for lack of knowledge or information sufficient to form a belief as to their truth.

120.    Federal defendants deny the allegations contained in paragraph 120 for lack of knowledge or information sufficient to form a belief as to their truth. By way of further answer, Ferguson's medical records reflect her medical treatment at the hospital.

121.    Federal defendants deny the allegations contained in paragraph 121 for lack of knowledge or information sufficient to form a belief as to their truth. By way of further answer, Ferguson's medical records reflect her medical treatment at the hospital.

122.    Federal defendants deny the allegations contained in paragraph 122 for lack of knowledge or information sufficient to form a belief as to their truth.  By way of further answer, Ferguson's medical records reflect her medical treatment at the hospital.

123.    Federal defendants deny the allegations contained in paragraph 123 for lack of knowledge or information sufficient to form a belief as to their truth.

124.    Federal defendants deny the allegations contained in paragraph 124 for lack of knowledge or information sufficient to form a belief as to their truth. By way of further answer, Ferguson's medical records reflect her medical treatment at the hospital.

125.    Federal defendants deny the allegations contained in paragraph 125 for lack of knowledge or information sufficient to form a belief as to their truth. By way of further answer, Ferguson's medical records reflect her medical treatment at the hospital.

126.    Federal defendants deny the allegations contained in paragraph 126 for lack of knowledge or information sufficient to form a belief as to their truth. By way of further answer, Ferguson's medical records reflect her medical treatment at the hospital.

127.    Federal defendants deny the allegations contained in paragraph 127 for lack of knowledge or information sufficient to form a belief as to their truth. By way of further answer, Ferguson's medical records reflect her medical treatment at the hospital.

128.    Federal defendants deny the allegations contained in paragraph 128 for lack of knowledge or information sufficient to form a belief as to their truth. By way of further answer, Ferguson's medical records reflect her medical treatment at the hospital.

129.    Denied as stated. By way of further answer, Ferguson's medical records reflect her medical treatment at the hospital.

130.    Federal defendants deny the allegations contained in paragraph 130 for lack of knowledge or information sufficient to form a belief as to their truth. By way of further answer, Ferguson's medical records reflect her medical treatment at the hospital.

131.    Denied as stated. By way of further answer, Ferguson's medical records reflect her medical treatment at the hospital.

132.    Federal defendants deny the allegations contained in paragraph 132 for lack of knowledge or information sufficient to form a belief as to their truth.

133.    Federal defendants deny the allegations contained in paragraph 133 for lack of knowledge or information sufficient to form a belief as to their truth.

134.    Denied. By way of further answer, Ferguson returned to the Philadelphia International Airport from the hospital at approximately 6:30 p.m. on December 5, 2012.

135.    Denied.

136.    Denied.

137.    Federal defendants deny the allegation in the first sentence of paragraph 137 for lack of knowledge or information sufficient to form a belief as to its truth. Federal defendants deny the remainder of the allegations in paragraph 137.

138.    Denied as stated. By way of further answer, CBP Officers Reynolds and Brown drove Ferguson back to the airport.

139.    Federal defendants admit that Ferguson's luggage was returned to her at the airport. Federal defendants deny the remaining allegations contained in paragraph 139.

18

140.    Federal defendants deny the allegations contained in paragraph 140 for lack of knowledge or information sufficient to form a belief as to their truth.

141.    Federal defendants deny the allegations contained in paragraph 141 for lack of knowledge or information sufficient to form a belief as to their truth.

142.    Federal defendants deny the allegations contained in paragraph 142 for lack of knowledge or information sufficient to form a belief as to their truth.

143.    Federal defendants deny the allegations contained in paragraph 143 for lack of knowledge or information sufficient to form a belief as to their truth.

144.    Denied.

145.    Denied as stated. By way of further answer, the Port Director had approved Ferguson's transport to the hospital for a monitored bowel movement. Neither a warrant nor Ferguson's consent was required for an approved monitored bowel movement pursuant to the CBP Personal Search Handbook. Federal defendants were not involved in the hospital's medical decisions, including the hospital's decision to admit Ferguson due to medical professionals' concerns about her medical condition.

146.    Denied.

147.    Denied.

148.    Denied.

149.    Denied.

## V. CAUSES OF ACTION

### Count I
### Plaintiff LeaDawn Ferguson v. Defendant United States of America
### Federal Tort Claims Act – False Arrest/False Imprisonment

150.    Paragraph 150 contains legal conclusions for which no response is required. To

19

the extent that paragraph 150 contains factual allegations, they are denied.

151.   Paragraph 151 contains legal conclusions for which no response is required.

152.   Paragraph 152 contains legal conclusions for which no response is required.

## Count II
### Plaintiff LeaDawn Ferguson v. Defendant United States of America
### Federal Tort Claims Act – Assault and Battery

153.   Paragraph 153 contains legal conclusions for which no response is required. To the extent that paragraph 153 contains factual allegations, they are denied.

154.   Paragraph 154 contains legal conclusions for which no response is required.

155.   Paragraph 155 contains legal conclusions for which no response is required.

## Count III
### Plaintiff LeaDawn Ferguson v. Defendant United States of America
### Federal Tort Claims Act – Intentional Infliction of Emotional Distress

156.   Paragraph 156 contains legal conclusions for which no response is required. To the extent that paragraph 156 contains factual allegations, they are denied.

157.   Paragraph 157 contains legal conclusions for which no response is required.

158.   Paragraph 158 contains legal conclusions for which no response is required.

## Count IV
### Plaintiff LeaDawn Ferguson v. Defendant United States of America
### Federal Tort Claims Act – Negligence

159.   Paragraph 159 contains legal conclusions for which no response is required.

160.   Paragraph 160 contains legal conclusions for which no response is required, including all subparts a-h. To the extent that any part of paragraph 160 contains factual allegations, they are denied.

161.   Paragraph 161 contains legal conclusions for which no response is required.

162.   Paragraph 162 contains legal conclusions for which no response is required.

**Count V**
**Plaintiff LeaDawn Ferguson v. Defendant United States of America**
**Federal Tort Claims Act – Negligent Supervision, Hiring and Retention**

163.    Paragraph 163 contains legal conclusions for which no response is required.

164.    Paragraph 164 contains legal conclusions for which no response is required. By way of further answer, pursuant to the stipulation filed December 15, 2015, Adams, Badillo-Vargas, Choromanski, Colon, and Wise have been dismissed as individual defendants, and plaintiff will not contend that federal defendants Lemanski, Tandaric, Reynolds, Martocci, Nardella, Gulkis, Heiss, and Brown are liable for any conduct in paragraphs 44-60.

165.    Paragraph 165 contains legal conclusions for which no response is required.

166.    Paragraph 166 contains legal conclusions for which no response is required.

**Count VI**
**Plaintiff LeaDawn Ferguson v. Defendants Lemanski, Tandaric, Reynolds, Martocci,**
**Nardella, Adams, Gulkis, Heiss, Badillo-Vargas, Brown, Choromanski, Colon, Wise,**
**Ghimire, Isenberg, Sammon, Chowdhury, Rutland, Traboscia and Does 1-5**
*Bivens* **Claim – Fourth Amendment – Unlawful Seizure**

167.    Paragraph 167 contains legal conclusions for which no response is required. By way of further answer, pursuant to the stipulation filed December 15, 2015, Adams, Badillo-Vargas, Choromanski, Colon, and Wise have been dismissed as individual defendants, and plaintiff will not contend that federal defendants Lemanski, Tandaric, Reynolds, Martocci, Nardella, Gulkis, Heiss, and Brown are liable for any conduct in paragraphs 44-60.

168.    Paragraph 168 contains legal conclusions for which no response is required. To the extent that paragraph 168 contains factual allegations, they are denied. By way of further answer, pursuant to the stipulation filed December 15, 2015, Adams, Badillo-Vargas, Choromanski, Colon, and Wise have been dismissed as individual defendants, and plaintiff will not contend that federal defendants Lemanski, Tandaric, Reynolds, Martocci, Nardella, Gulkis,

Heiss, and Brown are liable for any conduct in paragraphs 44-60.

### Count VII
**Plaintiff LeaDawn Ferguson v. Defendants Lemanski, Tandaric, Reynolds, Martocci, Nardella, Adams, Gulkis, Heiss, Badillo-Vargas, Brown, Choromanski, Colon, Wise, Ghimire, Isenberg, Sammon, Chowdhury, Rutland, Traboscia and Does 1-5**
*Bivens* **Claim – Fourth Amendment – Unlawful Search**

169.    Paragraph 169 contains legal conclusions for which no response is required. To the extent that paragraph 169 contains factual allegations, they are denied. By way of further answer, pursuant to the stipulation filed December 15, 2015, Adams, Badillo-Vargas, Choromanski, Colon, and Wise have been dismissed as individual defendants, and plaintiff will not contend that federal defendants Lemanski, Tandaric, Reynolds, Martocci, Nardella, Gulkis, Heiss, and Brown are liable for any conduct in paragraphs 44-60.

170.    Paragraph 170 contains legal conclusions for which no response is required. To the extent that paragraph 170 contains factual allegations, they are denied. By way of further answer, pursuant to the stipulation filed December 15, 2015, Adams, Badillo-Vargas, Choromanski, Colon, and Wise have been dismissed as individual defendants, and plaintiff will not contend that federal defendants Lemanski, Tandaric, Reynolds, Martocci, Nardella, Gulkis, Heiss, and Brown are liable for any conduct in paragraphs 44-60.

### Count VIII
**Plaintiff LeaDawn Ferguson v. Defendants Lemanski, Tandaric, Reynolds, Martocci, Nardella, Adams, Gulkis, Heiss, Badillo-Vargas, Brown, Choromanski, Colon, Wise, Ghimire, Isenberg, Sammon, Chowdhury, Rutland, Traboscia and Does 1-5**
*Bivens* **Claim – Fifth Amendment – Due Process Violation**

171.    Paragraph 171 contains legal conclusions for which no response is required. To the extent that paragraph 171 contains factual allegations, they are denied. By way of further answer, pursuant to the stipulation filed December 15, 2015, Adams, Badillo-Vargas, Choromanski, Colon, and Wise have been dismissed as individual defendants, and plaintiff will

not contend that federal defendants Lemanski, Tandaric, Reynolds, Martocci, Nardella, Gulkis, Heiss, and Brown are liable for any conduct in paragraphs 44-60.

172.   Paragraph 172 contains legal conclusions for which no response is required.  To the extent that paragraph 172 contains factual allegations, they are denied.  By way of further answer, pursuant to the stipulation filed December 15, 2015, Adams, Badillo-Vargas, Choromanski, Colon, and Wise have been dismissed as individual defendants, and plaintiff will not contend that federal defendants Lemanski, Tandaric, Reynolds, Martocci, Nardella, Gulkis, Heiss, and Brown are liable for any conduct in paragraphs 44-60.

## Count IX
**Plaintiff LeaDawn Ferguson v. Defendants Ghimire, Isenberg, Sammon, Chowdhury, Rutland, Traboscia, Does 1-5, Mercy Fitzgerald Hospital and Mercy Health System State Law Claim – False Arrest/False Imprisonment**

173.   This allegation is not directed at federal defendants and therefore no response is required.

174.   This allegation is not directed at federal defendants and therefore no response is required.

175.   This allegation is not directed at federal defendants and therefore no response is required.

## Count X
**Plaintiff LeaDawn Ferguson v. Defendant Defendants Ghimire, Isenberg, Sammon, Chowdhury, Rutland, Traboscia, Does 1-5, Mercy Fitzgerald Hospital and Mercy Health System State Law Claim – Assault and Battery**

176.   This allegation is not directed at federal defendants and therefore no response is required.

177.   This allegation is not directed at federal defendants and therefore no response is required.

23

178.    This allegation is not directed at federal defendants and therefore no response is required.

## Count XI
**Plaintiff LeaDawn Ferguson v. Defendants Ghimire, Isenberg, Sammon, Chowdhury, Rutland, Traboscia, Does 1-5, Mercy Fitzgerald Hospital and Mercy Health System State Law Claim – Intentional Infliction of Emotional Distress**

179.    This allegation is not directed at federal defendants and therefore no response is required.

180.    This allegation is not directed at federal defendants and therefore no response is required.

181.    This allegation is not directed at federal defendants and therefore no response is required.

## Count XII
**Plaintiff LeaDawn Ferguson v. Defendants Ghimire, Isenberg, Sammon, Chowdhury, Rutland, Traboscia, Does 1-5, Mercy Fitzgerald Hospital and Mercy Health System State Law Claim – Negligence**

182.    This allegation is not directed at federal defendants and therefore no response is required.

183.    This allegation, including all subparts a-e, is not directed at federal defendants and therefore no response is required.  To the extent that paragraph 183 contains any factual allegations, they are denied as to federal defendants.

184.    This allegation is not directed at federal defendants and therefore no response is required.

185.    This allegation is not directed at federal defendants and therefore no response is required.

## Count XIII
**Plaintiff LeaDawn Ferguson v. Defendants Mercy Fitzgerald Hospital and Mercy Health System
State Law Claim – Negligent Supervision, Hiring and Retention**

186.    This allegation is not directed at federal defendants and therefore no response is required.

187.    This allegation is not directed at federal defendants and therefore no response is required.

188.    This allegation is not directed at federal defendants and therefore no response is required.

## Count XIV
**Plaintiff LeaDawn Ferguson v. Defendants Ghimire, Isenberg, Sammon, Chowdhury,
Rutland, Traboscia, and Does 1-5
State Law Claim – Civil Conspiracy**

189.    This allegation is not directed at federal defendants and therefore no response is required.

190.    This allegation is not directed at federal defendants and therefore no response is required.

Wherefore, Ferguson is not entitled to the relief sought in her amended complaint. Pursuant to the stipulation filed on December 15, 2015, Adams, Badillo-Vargas, Choromanski, Colon, and Wise are dismissed as individual defendants, and plaintiff will not contend that federal defendants Lemanski, Tandaric, Reynolds, Martocci, Nardella, Gulkis, Heiss, and Brown are liable for any conduct in paragraphs 44-60.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has not stated and cannot sustain a cause of action against federal defendants upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff was afforded all constitutional rights and protections to which she was entitled at all material times to the incidents alleged in plaintiff's amended complaint.

### THIRD AFFIRMATIVE DEFENSE

At all relevant times, federal defendants' conduct was reasonable under the circumstances.

### FOURTH AFFIRMATIVE DEFENSE

Federal defendants are entitled to official, governmental, good faith, qualified and absolute immunity.

### FIFTH AFFIRMATIVE DEFENSE

No act or omission on the part of federal defendants was the proximate cause or legal cause of any damages allegedly sustained by plaintiff, and this constitutes a complete defense to plaintiff's cause of action.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has not sufficiently averred, and cannot prove, a claim for punitive damages against individual federal defendants; and no punitive damages are available against the United States.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate her alleged damages.

26

## EIGHTH AFFIRMATIVE DEFENSE

This action is barred by sovereign immunity.

## NINTH AFFIRMATIVE DEFENSE

The Federal Tort Claims Act provides the exclusive remedy for plaintiff's claims and the judgment bar, 28 U.S.C. § 2676, applies to plaintiff's claims against the federal defendants.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's FTCA claims are barred in whole or in part by the discretionary function exception, 26 U.S.C. § 2680(a).

Federal defendants reserve the right to allege additional affirmative defenses.


Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney


MARGARET L. HUTCHINSON
Assistant United States Attorney
Chief, Civil Division


Dated: 12/22/2015


SUSAN R. BECKER
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Phone:  215-861-8310
Fax:  215-861-8618
Email:  susan.becker@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date I caused a true and correct copy of the foregoing federal defendants' answer to plaintiff's amended complaint, which was electronically filed through the Court's CM/ECF system, to be served by first class mail, postage prepaid, upon the following:

> Jonathan H. Feinberg, Esquire
> Kairys, Rudovsky, Messing & Feinberg
> The Cast Iron Building
> 718 Arch Street, Suite 501 South
> Philadelphia, PA 19106

> Jennie Santos-Bourne, Esquire
> Americans for Immigrant Justice
> 3000 Biscayne Blvd., Suite 400
> Miami, FL 33137

> Daniel F. Ryan, III, Esquire
> Jeffrey P. Brien, Esquire
> O'Brien & Ryan
> Hickory Pointe
> 2250 Hickory Road, Suite 300
> Plymouth Meeting, PA 19462

Susan R. Becker
SUSAN R. BECKER
Assistant United States Attorney

Dated: 12/22/2015