**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

|  |  |  |
|---|---|---|
| LEADAWN FERGUSON, | : | CIVIL ACTION NO. 14-cv-6807 |
|  | : |  |
| Plaintiff, | : | JURY TRIAL DEMANDED |
|  | : |  |
| v. | : |  |
|  | : |  |
| UNITED STATES OF AMERICA; CBP | : |  |
| OFFICER STEPHEN LEMANSKI; CBP | : |  |
| OFFICER THERESA TANDARIC; CBP | : |  |
| OFFICER RIK REYNOLDS; PORT | : |  |
| DIRECTOR ALLEN MARTOCCI; AREA | : |  |
| ASSISTANT PORT DIRECTOR PAUL | : |  |
| NARDELLA; SUPERVISORY CBP OFFICER | : |  |
| JEFFREY ADAMS; SUPERVISORY CBP | : |  |
| OFFICER MICHAEL GULKIS; CBP DUTY | : |  |
| CHIEF ROBERT HEISS; CBP OFFICER | : |  |
| NURIAN BADILLO-VARGAS; CBP | : |  |
| OFFICER KATHLEEN BROWN; CBP | : |  |
| OFFICER STEPHEN CHOROMANSKI; CBP | : |  |
| OFFICER JOSE COLON; CBP OFFICER | : |  |
| AKIO WISE; RAJ K. GHIMIRE, MD; DEREK | : |  |
| L. ISENBERG, MD; MAURA E. SAMMON, | : |  |
| MD; NURSE TARA; CHOWDHURY; NURSE | : |  |
| STACEY RUTLAND; NURSE NATALIE | : |  |
| TRABOSCIA;MEDICAL PROVIDER AND | : |  |
| HOSPITALSTAFF DOES 1-5; MERCY | : |  |
| FITZGERALD HOSPITAL; MERCY | : |  |
| HEALTH SYSTEM, | : |  |
|  | : |  |
| Defendants. | : |  |

_____ :

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS,**
**DEREK L. ISENBERG, M.D., MAURA E. SAMMON, M.D., NURSE TARA**
**CHOWDHURY, NURSE STACEY RUTLAND, AND NURSE NATALIE TRABOSCIA,**
**TO PLAINTIFF'S AMENDED COMPLAINT**

Answering Defendants, Derek L. Isenberg, M.D., Maura E. Sammon, M.D., Nurse Tara

Chowdhury, Nurse Stacey Rutland, and Nurse Natalie Traboscia, by and through counsel,

O'Brien & Ryan, LLP, hereby respond to Plaintiff's Amended Complaint and aver as follows:

## I.        PRELIMINARY STATEMENT

1. – 3.        Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph of Plaintiff's Amended Complaint.

4.        Denied.

5.        Denied as stated.  By way of further response, Plaintiff consented to the monitoring of her vital signs.

6.        Admitted in part, denied in part.  It is admitted that testing was negative for contraband.  Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in this paragraph of Plaintiff's Amended Complaint.

7.        Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph of Plaintiff's Amended Complaint.

8.        Denied as a conclusion of law.

9.        Admitted in part, denied in part.  It is admitted that Plaintiff's Amended Complaint asserts the claims referenced in this paragraph.  It is denied that Plaintiff is entitled to the relief sought.

## II.        JURISDICTION AND VENUE

10. – 12.        Denied as a conclusion of law.

## III.        PARTIES

13. – 28.        Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph of Plaintiff's Amended Complaint.

29.     Denied as a conclusion of law.

30.     Admitted in part, denied in part.  It is admitted that, at all times relevant, Raj K. Ghimire, M.D. was an employee of Mercy Fitzgerald Hospital.  It is denied that he was an employee of Mercy Health System.

31.     Admitted in part, denied in part.  It is admitted that, at all times relevant, Derek L. Isenberg, M.D. was an employee of Mercy Fitzgerald Hospital.  It is denied that he was an employee of Mercy Health System.

32.     Admitted in part, denied in part.  It is admitted that, at all times relevant, Maura E. Sammon, M.D. was an employee of Mercy Fitzgerald Hospital.  It is denied that she was an employee of Mercy Health System.

33.     Admitted in part, denied in part.  It is admitted that, at all times relevant, Tara Chowdhury was an employee of Mercy Fitzgerald Hospital.  It is denied that she was an employee of Mercy Health System.

34.     Admitted in part, denied in part.  It is admitted that, at all times relevant, Stacey Rutland was an employee of Mercy Fitzgerald Hospital.  It is denied that she was an employee of Mercy Health System.

35.     Admitted in part, denied in part.  It is admitted that, at all times relevant, Natalie Traboscia was an employee of Mercy Fitzgerald Hospital.  It is denied that she was an employee of Mercy Health System.

36.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph of Plaintiff's Amended Complaint.

37.     Denied as a conclusion of law.

38.     Denied as a conclusion of law.

3

## IV.    FACTUAL ALLEGATIONS

39. – 72.        Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph of Plaintiff's Amended Complaint.

73.    Admitted.

74.    Admitted.

75.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph of Plaintiff's Amended Complaint.

76.    Admitted.

77.    Admitted.

78.    Admitted in part, denied in part.  It is admitted that Natalie Traboscia, RN noted that Plaintiff's respirations were unlabored, her speech was coherent, and that she was alert and oriented times three.  The remaining allegations set forth in this paragraph of Plaintiff's Amended Complaint are denied.

79.    Denied.

80.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph of Plaintiff's Amended Complaint.

81.    Denied.

82.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph of Plaintiff's Amended Complaint.

83.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph of Plaintiff's Amended Complaint.

84.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph of Plaintiff's Amended Complaint.

85.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph of Plaintiff's Amended Complaint.

86.     Denied as stated.  By was of further response, Plaintiff was not placed in an inpatient room.

87.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph of Plaintiff's Amended Complaint.

88.     Denied as stated.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Admitted.

93.     Denied as stated.

94.     Denied as stated.

95.     Denied.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Denied as stated.

101.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph of Plaintiff's Amended Complaint.

102.   Denied as stated.

103.   Denied as a conclusion of law.  To the extent this paragraph of Plaintiff's

Amended Complaint contains factual allegations, those allegations are denied.

104.   Denied.

105.   Denied as stated.

106.   Denied as stated.

107.   Denied as stated.

108.   Denied.

109.   Denied.

110.   Admitted.

111.   Admitted.

112.   Admitted.

113.   Denied as stated.

114.   Denied as stated.

115.   Upon information and belief, admitted.

116.   Denied.

117.   Denied.

118.   Denied.

119.   Denied as stated.

120.   Denied as stated.

121.   Admitted.

122.   Denied as stated.

123.   Denied.

124.    Admitted.

125.    Admitted.

126.    Denied.

127.    Admitted.

128.    Admitted.

129.    Admitted.

130.    Admitted.

131.    Denied as stated.

132.    Denied.

133.    Denied.

134.    Denied as stated.

135.    Denied as a conclusion of law.  To the extent this paragraph of Plaintiff's Amended Complaint contains factual allegations, those allegations are denied.

136.    Denied as a conclusion of law.  To the extent this paragraph of Plaintiff's Amended Complaint contains factual allegations, those allegations are denied.

137.    Denied as stated.

138.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph of Plaintiff's Amended Complaint.

139.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph of Plaintiff's Amended Complaint.

140.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph of Plaintiff's Amended Complaint.

141.    Denied.

142.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph of Plaintiff's Amended Complaint.

143.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph of Plaintiff's Amended Complaint.

144.    Denied as a conclusion of law.  To the extent this paragraph of Plaintiff's Amended Complaint contains factual allegations, those allegations are denied.

145.    Denied.  By way of further response, Plaintiff consented to the monitoring of her vital signs.  Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in this paragraph of Plaintiff's Amended Complaint.

146.    Denied as a conclusion of law.  To the extent this paragraph of Plaintiff's Amended Complaint contains factual allegations, those allegations are denied.

147.    Denied as a conclusion of law.  To the extent this paragraph of Plaintiff's Amended Complaint contains factual allegations, those allegations are denied.

148.    Denied as a conclusion of law.  To the extent this paragraph of Plaintiff's Amended Complaint contains factual allegations, those allegations are denied.

149.    Denied as a conclusion of law.  To the extent this paragraph of Plaintiff's Amended Complaint contains factual allegations, those allegations are denied.

## V.    CAUSES OF ACTION

### Count I
### Plaintiff LeaDawn Ferguson v. Defendant United States of America
### Federal Tort Claims Act – False Arrest/False Imprisonment

150. – 152.    This count of Plaintiff's Amended Complaint does not relate to Answering Defendants.

## Count II
### Plaintiff LeaDawn Ferguson v. Defendant United States of America
### Federal Tort Claims Act – Assault and Battery

153. – 155.     This count of Plaintiff's Amended Complaint does not relate to Answering Defendants.

## Count III
### Plaintiff LeaDawn Ferguson v. Defendant United States of America
### Federal Tort Claims Act – Intentional Infliction of Emotional Distress

156. – 158.     This count of Plaintiff's Amended Complaint does not relate to Answering Defendants.

## Count IV
### Plaintiff LeaDawn Ferguson v. Defendant United States of America
### Federal Tort Claims Act – Negligence

159. – 162.     This count of Plaintiff's Amended Complaint does not relate to Answering Defendants.

## Count V
### Plaintiff LeaDawn Ferguson v. Defendant United States of America
### Federal Tort Claims Act – Negligent Supervision, Hiring and Retention

163. – 166.     This count of Plaintiff's Amended Complaint does not relate to Answering Defendants.

## Count VI
### Plaintiff LeaDawn Ferguson v. Defendants Lemanski, Tandaric, Reynolds, Martocci, Nardella, Adams, Gulkis, Heiss, Badillo-Vargas, Brown, Choromanski, Colon, Wise, Isenberg, Sammon, Chowdhury, Rutland, Traboscia and Does 1-5
### *Bivens* Claim – Fourth Amendment – Unlawful Seizure

167. – 168.     Denied as a conclusion of law.  To the extent this paragraph of Plaintiff's Amended Complaint contains factual allegations, those allegations are denied.

**Count VII**
**Plaintiff LeaDawn Ferguson v. Defendants Lemanski, Tandaric, Reynolds, Martocci,
Nardella, Adams, Gulkis, Heiss, Badillo-Vargas, Brown, Choromanski, Colon, Wise,
Isenberg, Sammon, Chowdhury, Rutland, Traboscia and Does 1-5**
***Bivens* Claim – Fourth Amendment – Unlawful Search**

169. – 170.    Denied as a conclusion of law.  To the extent this paragraph of Plaintiff's

Amended Complaint contains factual allegations, those allegations are denied.

**Count VIII**
**Plaintiff LeaDawn Ferguson v. Defendants Lemanski, Tandaric, Reynolds, Martocci,
Nardella, Adams, Gulkis, Heiss, Badillo-Vargas, Brown, Choromanski, Colon, Wise,
Isenberg, Sammon, Chowdhury, Rutland, Traboscia and Does 1-5**
***Bivens* Claim – Fifth Amendment – Due Process Violation**

171. – 172.    Denied as a conclusion of law.  To the extent this paragraph of Plaintiff's

Amended Complaint contains factual allegations, those allegations are denied.

**Count IX**
**Plaintiff LeaDawn Ferguson v. Defendants Isenberg, Sammon, Chowdhury, Rutland,
Traboscia, Does 1-5, Mercy Fitzgerald Hospital and Mercy Health System**
**State Law Claim – False Arrest/False Imprisonment**

173. – 175.    Denied as a conclusion of law.  To the extent this paragraph of Plaintiff's

Amended Complaint contains factual allegations, those allegations are denied.

**Count X**
**Plaintiff LeaDawn Ferguson v. Defendants Isenberg, Sammon, Chowdhury, Rutland,
Traboscia, Does 1-5, Mercy Fitzgerald Hospital and Mercy Health System**
**State Law Claim – Assault and Battery**

176. – 178.    Denied as a conclusion of law.  To the extent this paragraph of Plaintiff's

Amended Complaint contains factual allegations, those allegations are denied.

**Count XI**
**Plaintiff LeaDawn Ferguson v. Defendants Isenberg, Sammon, Chowdhury, Rutland,
Traboscia, Does 1-5, Mercy Fitzgerald Hospital and Mercy Health System**
**State Law Claim – Intentional Infliction of Emotional Distress**

179. – 181.    Denied as a conclusion of law.  To the extent this paragraph of Plaintiff's

Amended Complaint contains factual allegations, those allegations are denied.

**Count XII**
**Plaintiff LeaDawn Ferguson v. Defendants Isenberg, Sammon, Chowdhury, Rutland,**
**Traboscia, Does 1-5, Mercy Fitzgerald Hospital and Mercy Health System**
**State Law Claim – Negligence**

182. – 185.    Denied as a conclusion of law.  To the extent this paragraph of Plaintiff's

Amended Complaint contains factual allegations, those allegations are denied.

**Count XIII**
**Plaintiff LeaDawn Ferguson v.**
**Defendants Mercy Fitzgerald Hospital and Mercy Health System**
**State Law Claim – Negligent Supervision, Hiring and Retention**

186. – 188.    This count of Plaintiff's Amended Complaint does not relate to Answering

Defendants.

**Count XIV**
**Plaintiff LeaDawn Ferguson v. Defendants Isenberg, Sammon, Chowdhury, Rutland,**
**Traboscia and Does 1-5**
**State Law Claim – Civil Conspiracy**

189. – 190.    Denied as a conclusion of law.  To the extent this paragraph of Plaintiff's

Amended Complaint contains factual allegations, those allegations are denied.

WHEREFORE, Answering Defendants, Derek L. Isenberg, M.D., Maura E. Sammon,

M.D., Nurse Tara Chowdhury, Nurse Stacey Rutland, Nurse Natalie Traboscia, respectfully

request that this Honorable Court enter judgment in their favor and against Plaintiff, together

with reasonable costs, interest, and attorneys' fees, on Plaintiff's Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injuries, if

any, were not caused by any action or inaction of Answering Defendants.

<u>THIRD AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred by the applicable statute of limitations and/or the doctrine of laches.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred by the doctrines of estoppel and/or res judicata.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred by the doctrine of release.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred by the doctrine of assumption of the risk.

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred, in whole or in part, by Plaintiff's contributory negligence.

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred by the doctrine of waiver.

<u>NINTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate the alleged damages, if any.

<u>TENTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred, in whole or in part, by the Medical Care Availability and Reduction of Error (MCARE) Act, 40 P.S. § 1303.101, *et seq*.

<u>ELEVENTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred by the Mental Health Procedures Act, 50 P.S. § 7101, *et seq*.

<u>TWELFTH AFFIRMATIVE DEFENSE</u>

Answering Defendants were not grossly negligent.

<u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

Answering Defendants at all times in good faith.

<u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

Answering Defendants are entitled to qualified immunity.

<u>FIFTEENTH AFFIRMATIVE DEFENSE</u>

Answering Defendants did not violate any clearly established constitutional rights.

WHEREFORE, Answering Defendants, Derek L. Isenberg, M.D., Maura E. Sammon, M.D., Nurse Tara Chowdhury, Nurse Stacey Rutland, and Nurse Natalie Traboscia, respectfully request that this Honorable Court enter judgment in their favor and against Plaintiff, together with reasonable costs, interest, and attorneys' fees, on Plaintiff's Amended Complaint.

**O'BRIEN & RYAN, LLP**

*/s/ Jeffrey P. Brien*
DANIEL F. RYAN, III
JEFFREY P. BRIEN
Hickory Pointe
2250 Hickory Road, Suite 300
Plymouth Meeting, PA 19462
(610) 834-8800
(610) 834-1749 (fax)
dryan@obrlaw.com
jbrien@obrlaw.com

*Attorneys for Defendants,*
*Derek L. Isenberg, M.D., Maura E.*
*Sammon, M.D., Nurse Tara Chowdhury,*
*Nurse Stacey Rutland, Nurse Natalie*
*Traboscia, Mercy Fitzgerald Hospital, and*
*Mercy Health System*

Dated: May 2, 2016

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

|                                                    |   |                                   |
|----------------------------------------------------|---|-----------------------------------|
| LEADAWN FERGUSON,                                  | : | CIVIL ACTION NO. 14-cv-6807       |
|                                                    | : |                                   |
| Plaintiff,                                         | : | JURY TRIAL DEMANDED               |
|                                                    | : |                                   |
| v.                                                 | : |                                   |
|                                                    | : |                                   |
| UNITED STATES OF AMERICA; CBP/ICE                  | : |                                   |
| AGENT LAMANSKI; CBP/ICE AGENT                      | : |                                   |
| TANDARIC; CBP/ICE AGENT REYNOLDS;                  | : |                                   |
| CBP/ICE AGENT DOES 1-5; RAJ K.                     | : |                                   |
| GHIMIRE, MD; DEREK L. ISENBERG, MD;                | : |                                   |
| MAURA E. SAMMON, MD; NURSE TARA                    | : |                                   |
| CHOWDHURY; NURSE STACEY                            | : |                                   |
| RUTLAND; NURSE NATALIE TRABOSCIA;                  | : |                                   |
| MEDICAL PROVIDER AND HOSPITAL                      | : |                                   |
| STAFF DOES 6-10; MERCY FITZGERALD                  | : |                                   |
| HOSPITAL; MERCY HEALTH SYSTEM,                     | : |                                   |
|                                                    | : |                                   |
| Defendants.                                        | : |                                   |
| _____            | : |                                   |

## <u>CERTIFICATE OF SERVICE</u>

I, Jeffrey P. Brien, Esquire, hereby certify that I caused a copy of the foregoing Answer

and Affirmative Defenses of Defendants, Derek L. Isenberg, M.D., Maura E. Sammon, M.D.,

Nurse Tara Chowdhury, Nurse Stacey Rutland, and Nurse Natalie Traboscia, to Plaintiff's

Complaint to be served this day, via electronic filing, upon the following:

Jonathan H. Feinberg, Esquire
Kairys, Rudovsky, Messing & Feinberg
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA  19106
*Attorney for Plaintiff,*
*LeaDawn Ferguson*

Jennie Santos-Bourne, Esquire
Americans for Immigrant Justice
3000 Biscayne Boulevard, Suite 400
Miami, FL  33137
*Attorney for Plaintiff,*
*LeaDawn Ferguson*

Susan R. Becker, Esquire
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA  19106
*Attorney for Defendant,*
*United States of America*

**O'BRIEN & RYAN, LLP**

*/s/ Jeffrey P. Brien*
DANIEL F. RYAN, III
JEFFREY P. BRIEN
Identification Nos. 204087/27808
Hickory Pointe
2250 Hickory Road, Suite 300
Plymouth Meeting, PA 19462
(610) 834-8800
(610) 834-1749 (fax)
dryan@obrlaw.com
jbrien@obrlaw.com

*Attorneys for Defendants,*
*Derek L. Isenberg, M.D., Maura E.*
*Sammon, M.D., Nurse Tara Chowdhury,*
*Nurse Stacey Rutland, Nurse Natalie*
*Traboscia, Mercy Fitzgerald Hospital, and*
*Mercy Health System*

Dated: May 2, 2016